**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re: Rochester Service Corp, LLC,           BKY 07-32664 NCD 11

       Debtor.
_____

NOTICE OF HEARING AND MOTIONS FOR EXPEDITED HEARING
AND FOR RELIEF FROM THE AUTOMATIC STAY
_____

TO:     Parties in interest pursuant to LOCAL RULE 9013-3.

     1. Minnwest Bank Central (the "Bank"), by and through its undersigned counsel, moves the court for the relief requested below and gives notice of hearing.

     2. A hearing on this motion will be held before the Honorable Nancy C. Dreher, Courtroom 7 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis Minnesota, at **1:00 p.m.** on **November 21, 2007**, or as soon thereafter as counsel may be heard.

     3. Ordinarily any response to a motion must be filed and delivered not later than three days before the time set for hearing (excluding Saturdays, Sundays, and holidays) and UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING. Whereas the motions involve a request for relief on an expedited basis, any response should be filed and delivered as soon as possible but in any case at least 24 HOURS PRIOR TO THE HEARING.

     4. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, FED. R. BANKR. P. 5005, and LOCAL RULE 1070-1. The proceeding is a core proceeding. The petition commencing this chapter 11 case was filed on July 23, 2007. The case is now pending in this court.

5. The motions arise under 11 U.S.C. § 362 and Fed. R. Bankr. P. 4001. This motion is filed under Fed. R. Bankr. P. 9014 & 9006 and Local Rules 9006-1 and 9013-1 to 9013-3. Movant requests relief from the automatic stay.

Expedited Relief

6. Expedited relief is available for cause under Fed. R. Bankr. P. 9006(c) and Local Rule 9006-1(e).

7. In this case, the Debtor has consented to expedited consideration of the Bank's motion for relief from the automatic stay insofar as it is based on one or more defaults under the Stipulation regarding Adequate Protection and Use of Cash Collateral (Docket No. 29).

8. Also, whereas the term of the Stipulation regarding Adequate Protection and Use of Cash Collateral expired on November 13, 2007, the Bank's consent to the Debtor's use of cash collateral terminated. The Debtor is no longer authorized to use cash collateral.[1] The Debtor cannot operate for long without cash; that reality is cause for expedited consideration of the substantive relief requested by the Bank.

Relief from the Automatic Stay

9. The Bank holds a claim in this case in the approximate amount of $2,890,000. The Bank's claim is secured by a lien on the Debtor's apartment complex and the rents generated therefrom.

---

[1] Whereas counsel for the Debtor and the Bank were discussing the possibility of an extension to the Stipulation, the Bank's consent to the use of cash collateral may be considered to have terminated only on the date of this Motion.

10. The Bank is entitled to relief from the automatic stay because (a) the Debtor defaulted under the Stipulation regarding Adequate Protection and Use of Cash Collateral; (b) even absent the default under the Stipulation, the term of the Stipulation has run and there is no longer adequate protection of the Bank's interest in its collateral; (c) the Debtor lacks equity in the Bank's collateral and no effective reorganization is in prospect; and (d) the Debtor cannot remain in compliance with the heightened burden imposed on a debtor in a single asset real estate case.

WHEREFORE, under 11 U.S.C. § 362(d), on the grounds set forth in the accompanying verified memorandum, the Bank is entitled to relief from the automatic stay on an expedited basis.

Dated:  November 15, 2007                    STEIN & MOORE, P.A.

  /e/   Eric J. Sherburne  
Eric J. Sherburne, #279389  
Attorneys for Movant  
332 Minnesota St., Ste. W-1650  
St. Paul, MN 55101  
651-224-9683  
651-223-5212 fax

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**
_____

In re: Rochester Service Corp, LLC,    BKY 07-32664 NCD 11

      Debtor.
_____

VERIFIED MEMORANDUM IN SUPPORT OF MOTIONS FOR EXPEDITED
HEARING AND FOR RELIEF FROM THE AUTOMATIC STAY
_____

Minnwest Bank Central (the "Bank") submits this memorandum in support of its Motions for Expedited Relief and for Relief from the Automatic Stay.

<u>The Premises</u>

This case involves "single asset real estate." The Debtor sole business is the operation of an apartment complex. The Rochester "Premises", commonly known as the Trail Ridge Apartments, is legally described as Lot 3, Block 1, Campustown Subdivision, Olmstead County, Minnesota.

<u>The Bank's Secured Claim</u>

The Bank holds a claim in the approximate amount of $2,890,000, is secured under a Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Financing Statement (the "Mortgage") encumbering the Premises. See Claim No. 2.[2]

The Debtor is in default on its obligations to the Bank under the applicable loan documents. The Debtor is in default because (a) the pre-petition payment default remains, in the approximate amount of $63,600; (b) the pre-petition real estate tax default remains, in the approximately amount of $18,000; (c) the prohibited

1

encumbrances (*i.e.*, mechanics' liens) remain; and (d) "cross-defaults" involving other obligations of guarantor Hyder Jaweed remain.   Further, the Debtor's payment defaults continued post-petition as the Debtor has failed to pay regular loan payments which have come due since the commencement of this case.

Relief for Cause — Default under the Stipulation

Under the Stipulation regarding Adequate Protection and Use of Cash Collateral (Docket No. 29), the Debtor agreed that the Bank is entitled to adequate protection, and the Stipulation set forth an arrangement for providing the same.  The Debtor failed timely and adequately to remedy one or more defaults[3] under the Stipulation, and, regardless of "default," the term of the Stipulation has expired.

Stipulations are useful and expedient to resolve issues involving use of cash collateral, adequate protection, and requests for relief form the automatic stay.  Such stipulations are not entered into lightly by debtors or creditors, and their terms should not be discarded or ignored because to do so would lessen the utility of such agreements generally.  See, e.g., In re Wald, 211 B.R. 359 (Bankr. D.N.D. 1997) (explaining that negotiation is a key facet of a reorganization case and it is a disincentive to negotiation if the parties and the courts do not respect the terms of stipulated agreements).

---

[2] Alternatively, copies of the Bank's Note, Mortgage, and financing statement area attached as Exhibits A, B & C, respectively, to the Bank's Objection to Motion for Use of Cash Collateral (Docket No. 11).

Relief for Cause — Lack of Adequate Protection

The interests of the Bank, including in the Premises and the associated rents, are not adequately protected. Continued use of the Premises and the passage of time result in depreciation of value, and the Bank is not being compensated for this depreciation. Likewise, the Bank is not being compensated for rents as they are dissipated. Such circumstances constitute cause justifying relief from the stay <u>United Savings Assn. of Texas v. Timbers of Inwood Forest Associates, Ltd.</u>, 484 U.S. 365, 376 (1988).

Relief for Lack of Equity/Reorganization *and* for Cause

Relief from the automatic stay is appropriate, under certain circumstances, under 11 U.S.C. § 362(d)(2). Based on the Debtor's own monthly operating reports, the Debtor's total assets, including the Premises and other assets subject to the Bank's security interest, are worth approximately $2,770,000. A true and correct copy of the Debtor's Summary of Financial Status for the Month of September 2007[4] is attached as part of Exhibit X. The Debtor does not have equity in the subject property.

Where no confirmable plan of reorganization is in prospect, no particular property is "necessary" to reorganization. See <u>In re Bowman</u>, 253 B.R. 233, 238-39 (B.A.P. 8th Cir. 2000)(explaining that a debtor must show, as part of arguing that a particular asset is necessary to reorganization, that a plan is feasible and likely to confirmed); <u>In re Bloomington HH Investors Ltd. Partnership</u>, 114 B.R. 174, 177 (D. Minn. 1990)(explaining that "effective reorganization" as contemplated in § 362(d)(2)(B)

---

[3] To provide at least one specific example, during the term of the Stipulation, the Debtor overdrew the checking account it was using and, when so demanded by the Bank, it failed to show that the negative balance had been remedied and had not reoccurred.

requires a feasible plan). There is no reasonable likelihood that the Debtors will be able to effectuate a plan, and such is "cause" for relief pursuant to 11 U.S.C. § 362(d)(1). See In re Food Barn Stores, Inc., 159 B.R. 264, 267 (Bankr. W.D.Mo. 1993)(interpreting "cause" in the context of § 362(d)(1) to mean "any reason whereby a creditor is receiving less than his bargain from a debtor and is without a remedy because of the bankruptcy proceeding."); In re Belmont Realty Corp., 124 B. R. 422 (Bankr. D.R.I. 1991)(considering relief appropriate under § 362(d) where a debtor is unable to propose a confirmable plan and remaining in a case only results in unreasonable delay that is prejudicial to creditors).

Reorganization under chapter 11 requires an ability to propose a confirmable plan. Though the Debtor has filed a derisory plan, the Court cannot confirm it unless it has a reasonable prospect for success. In re Danny Thomas Properties II Ltd. Partnership, 241 F.3d 959, 963 (8th Cir. 2001). It is the Debtor's burden to demonstrate the feasibility of its proposed plan, if any. Id. Without reliable financial data, reasonable operational projections, an adequate disclosure statement, and still more information supporting a finding of feasibility, the Debtor could never confirm any plan, and the Debtor lacks all of these things. Moreover, this being a single asset real estate case, the Debtor does not have ready ability to expand its cash flow; its only income is from rents and it has been trying to resolve ongoing problems with finding and keeping tenants and collecting rents for many months already. No <u>confirmable</u> plan is in prospect. See In re Value Recreation, 228 B.R. 692, 698-99 (Bankr. D. Minn.

---

[4] This is the most recent such report a copy of which has been provided to the Bank.

4

1999)("[t]he test is whether the provisions of the plan which are to be accomplished after confirmation can be done as a practical matter under the facts").

If the Debtor asserts that an effective reorganization is in prospect, it is the Debtor's burden to so demonstrate. 11 U.S.C. § 362(g)(2). .

Relief involving Single Asset Real Estate

Some of the case law concerning a debtor's "good faith" in filing a bankruptcy case or in proposing a plan has developed around particular recurring fact patterns; bankruptcy courts have developed tests for "bad faith" to weed out the debtors who have filed to stall rather than to reorganize. In this District, the Court undertook such an analysis in In re Marion Street Partnership, 108 B.R. 218, 222-23 (Bankr. D. Minn. 1989)("I look to the totality of the circumstances and scrutinize the evidence to determine . . . whether the debtor entered the bankruptcy process with any real intention to reorganize rather than stall").

Under Marion Street, factors to consider in determining a lack of good faith in such circumstances include: 1) whether the case involves a single asset; 2) whether there is a small number and aggregate amount of unsecured claims in relation to secured claims; 3) whether the debtor has a small number of employees; 4) whether the debtor's financial difficulties involve essentially disputes with secured creditors, which disputes may be resolved in state court; 5) whether the case was commenced on the eve of foreclosure; 6) whether there is sufficient cash flow; 7) whether the debtor has income from which to make adequate protection payments; 8) whether the debtor engaged in any pre-petition wrongdoing; and 9) whether the debtor can infuse new capital for reorganization. Id. Applied to this case, the Marion Street factors would

5

indicate that "cause" exists for relief from the automatic stay. The factors apply as follows: 1) the Premises is the Debtor's single valuable asset; 2) relative to the Bank's $2,890,000 claim, the aggregate amount of unsecured claims involved in this case is relatively small;[5] 3) on information and belief, the Debtor has only a few, perhaps no, traditional employees; 4) the Debtor's financial difficulties are essentially disputes with the mortgage holder, the Bank; 5) the case was commenced literally hours before a receiver would have been appointed in connection with a foreclosure proceeding in Olmstead County (Court File No. 55-CV-07-6254); 6) the Debtor has insufficient cash flow to maintain, much less, improve its business; 7) the Debtor has insufficient cash flow to pay installment payments for adequate protection;[6] 8) the Debtor's pre-petition conduct shows, probably, simple neglect; and 9) the Debtor had, apparently, found a source for some new capital, but, on information and belief, that well is now dry, and the Debtor is unable to infuse capital to facilitate reorganization.[7]

Conclusion

Under 11 U.S.C. § 362(d), on the grounds set forth in the accompanying memorandum and affidavits, the Bank is entitled to relief from the automatic stay with respect to its interests in the Debtor's property.

If testimony is necessary as to any facts relevant to this motion, Debtor's Chief Manager Hyder Jaweed, Richard Schroeder or another officer of the Bank, appraiser Richard DuBay, and/or an experienced real estate property manager, may be called to

---

[5] Claims filed to date, exclusive of the Bank's claim, total approximately $69,200.
[6] The most-recent-available profit & loss statement, dated September 30, 2007, a copy of which is attached as part of Exhibit X, shows a $1,846 cash shortfall for September, exclusive of any payments to the Bank. Net, the "income" was -$32,484!

testify. The Bank may call additional witnesses, including regarding valuation and as rebuttal witnesses.

Wherefore, the Bank moves the Court for expedited relief and for an order terminating the automatic stay with respect to the Bank's interest in the Debtor's property, and for such other relief as may be just and equitable.

Dated: November ___, 2007        STEIN & MOORE, P.A.

/e/ Eric J. Sherburne
Eric J. Sherburne, #279389
Attorneys for Movant
332 Minnesota St., Ste. W-1650
St. Paul, MN 55101
651-224-9683
651-223-5212 fax

## VERIFICATION

I, Richard P. Schroeder, a Credit Officer with Minnwest Corporation, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: November 15, 2007

Richard P. Schroeder

2218.0008

---

[7] Parts of the Marion Street analysis may have been supplanted by 11 U.S.C. §§ 101(51B) & 363(d)(3), but the analysis in the earlier cases is still valid.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

In re: Rochester Service Corp, LLC,　　　　　BKY 07-32664 NCD 11

　　　　　Debtor.

UNSWORN DECLARATION FOR
PROOF OF SERVICE

The undersigned, an employee STEIN & MOORE, P.A., declares that on November 15, 2007, she served the following:

1. Notice of Hearing and Motions for Expedited Hearing and for Relief from the Automatic Stay;
2. Verified Memorandum in Support of Motion for Relief from the Automatic Stay;
3. Proposed order, and
4. Unsworn Declaration for Proof of Service

on each of the entities named below, by U.S. mail (unless otherwise indicated) by mailing to each of them a copy thereof by enclosing the same in an envelope with first class postage prepaid and depositing the same in the post office at St. Paul, Minnesota, addressed to each of them as follows:

Chad J. Bolinske, Esq.
chad.bolinske@bolinskelaw.com

U.S. Trustee
Ustpregion12.mn.ecf@usdoj.gov

Michael Fadlovich
Michael.fadlovich@usdoj.gov

Nicholas J. Eugster
neugster@mandklaw.com

IRS Special Procedures; Stop 5700
30 E. Seventh St., Ste. 1222
St. Paul, MN 55101

Rochester Service Corp LLC
3 Blue Spruce Ct.
St. Paul, MN 55127

Bosteio Abdulle, et al
% Charles Brumbach, Esq.
903 W. Center St., Ste. 130
Rochester, MN 55902

Renovation Systems Inc.
2735 Cheshire Ln. N.
Plymouth, MN 55447

Summit Fire Protection
% Anthony Wacker
821 Raymond Ave. Ste. 305
St. Paul, MN 55114

Minnesota Department of Revenue  
Bankruptcy Section  
PO Box 64447  
St. Paul, MN 55164  

U.S. Attorney  
600 U.S. Courthouse  
300 S. Fourth St.  
Minneapolis, MN 55415  

Olmstead County  
151 Fourth St. SE  
Rochester, MN 55904  

Rochester Public Utilities  
4000 East River Rd. NE  
Rochester, MN 55906  


I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 15, 2007                              /e/  Elizabeth A. Soderstrom

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

---

In re: Rochester Service Corp, LLC,   BKY 07-32664 NCD 11

Debtor.

---

ORDER FOR RELIEF FROM THE AUTOMATIC STAY

---

      This matter was considered by the Court on a motion by Minnwest Bank Central for an order for relief from the automatic stay. Based on the motion, file, records, and proceedings herein,

IT IS ORDERED:

1. Under the circumstances, expedited relief is appropriate.

2. Minnwest Bank Central is granted relief from the automatic stay of 11 U.S.C. § 362 with respect to it interests in the Debtor's property, including real property described as follows: LOT 3, BLOCK 1, CAMPUSTOWN SUBDIVISION, OLMSTEAD COUNTY, Minnesota; and with respect to the Debtor's personal property subject to the Bank's security interest, including but not limited to equipment, supplies, rents, leases, and general intangibles. The automatic stay is terminated as to the Bank with respect to all such property.

3. Notwithstanding FED. R. BANKR. P. 4001(a)(3), this Order is effective immediately.

November ___, 2007      _____
                                                 Honorable Nancy C. Dreher
                                                 United States Bankruptcy Judge