UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                  )
                                        )
ROCHESTER SERVICE                       )    Case No. 07-32664
   CORPORATION, LLC                     )
                                        )    Chapter 11 Bankruptcy Case
                                        )
_____

U.S. TRUSTEE'S OBJECTIONS TO PROPOSED
DISCLOSURE STATEMENT OF
DEBTOR DATED JANUARY 29, 2008
_____

The United States Trustee, by his undersigned attorney, does hereby object to the adequacy of information in the January 29, 2008 Proposed Disclosure Statement (Disclosure Statement) and the associated January 29, 2008 Plan of Reorganization (Plan) in this Chapter 11 case. In furtherance of his objections, the U.S. Trustee states as follows:

1. The proposed Disclosure Statement and Plan do not contain adequate information as required by 11 U.S.C. §1125(a) because of the following problems or deficiencies which the U.S. Trustee submits must be resolved before the Disclosure Statement can be approved.

2. The proposed Disclosure Statement and Plan fail to adequately describe the proposed treatment of general unsecured creditors in Class 3 because it is unclear if creditors will receive 10% or if they will receive a pro rata portion of $10,426.78. As now drafted, the plan and disclosure statement state there will be a lump sum distribution of $10,426.78, irrespective of whether some claims are later disallowed, which would change the percentage paid. In order to contain adequate information, the plan and disclosure statement should clarify the Debtor's intent and, if appropriate, should state either the precise percentage to be paid on each allowed claim, or should state that the lump sum to be distributed will be distributed *pro rata* among

allowed claims.   Also, it should be disclosed whether this class contains the undersecured portion of secured claims treated in other classes, with a full description of the holders of those undersecured claims.

3.  In the treatment of Classes 1, 1A and 1B, the Disclosure Statement and Plan should explain why Minnwest's claims are divided into three classes.   There should be a clear description of the collateral for each of these classes and the existence of any cross collateralization rights should be disclosed.  Also, depending on the details, it may be appropriate to combine Minnwest's claims into one class, particularly since it is likely Minnwest will cast  its vote in each of the classes the same way.

4.  In the treatment Minnwest's Class 1 claim, the disclosure statement should include the aggregate amount of that claim.  Although disclosed in the plan, it should be in the disclosure statement as well.   Also, both the plan and disclosure statement in Class 1 state that payments will start in July, 2007 when the reference should be to 2008.

5.  In the treatment of Minnwest's Class 1B claim, the disclosure statement and plan should set forth the rate at which interest accrues or it should be disclosed that no interest will be paid.

6.   In the treatment of the Class 2 claim of the City of Rochester for "property" taxes, the disclosure statement and plan should describe in more detail the nature of the claim.   If the claim is for real estate taxes, the claim would be held by Olmstead County, not the City of Rochester, and would be secured by the debtor's real estate.   If there is some other tax claim held by the city, the nature of that claim should be described, as well as the collateral and whether or not that collateral fully secures the claims.    Also, which ever entity holds the claim, there should be disclosure of any interest that accrues on the claim under the plan.

7. The Plan (page 3) indicates that there are unclassified priority tax claims. If such exist, they should also be described in the disclosure statement. If there are no such claims, that fact should be stated.

8. The disclosure statement and plan fail to contain adequate information because they do not have attached as an exhibit a Liquidation Analysis. A Liquidation Analysis is necessary so that creditors can see whether they will receive under the plan more than they would upon liquidation of the debtor.

9. The disclosure statement and plan also are deficient in the future operating projections attached to the disclosure statement as Exhibits A and B. First, Exhibit A should be enlarged so that it is legible. Second, it should contain line items for each payment to be made to each class of creditors (as well as unclassified claims) under the plan. Such information is necessary so that creditors can analyze plan feasibility. Also, the purpose of Exhibit B to the disclosure statement, titled "Rochester Income Chart" is not at all clear and, if it is to be included for some particular purpose, that purpose should be more clearly described.

10. Neither the plan nor the disclosure statement make any reference whatsoever to executory contracts. The debtor clearly has such contracts with its tenants and its management company. Both the plan and disclosure statement should describe those and any other such contracts (including the length and included payment obligations), and should explicitly state whether they will be assumed or rejected.

11. On page 2, the disclosure statement incorrectly describes what is necessary for a class to accept the plan under the bankruptcy code when it states: " . . .to accept the Plan, an affirmative vote must be cast by . . . more than fifty percent (50%) <u>of the number of allowed voting claims in each class</u>." This is incorrect and the vote tally is based not on the number of

allowed claims in the class, but instead on the number of creditors who actually cast ballots. This needs to be rectified.

12. There are a number of typographical errors in the plan and disclosure statement that need to be rectified. In the disclosure statement, (page 4, ¶ 7(a)), the reference to §5003(d)(2) should be to §503(d)(2). In the plan (page 2, ¶ 6), the Plan is defined as the plan dated October 22, 2007, which is an incorrect date. Also, there is an incorrect date on page 4 of the Plan in the treatment of Class 1 when it states that payments will commence on July 15, 2007.

13. The disclosure statement needs to include a description of the tax effects of confirmation on the debtor. A description of those tax effects is required by §1125(a)(1).

14. The Disclosure Statement (page 6) in the Means of Execution of Plan, indicates that there have been "capital investments" in the past and that Mr. Jaweed will make more in the future. The disclosure statement should state how much has been made in the past, who made it, and whether that will be the basis for interest holders shall receive new stock in the reorganized debtor. Also, any future capital investments to be made by Hyder Jaweed should be disclosed, including the expected amounts and the uses of such funds.

WHEREFORE, the United States Trustee hereby objects to the adequacy of information in the Debtor's proposed Disclosure Statement and Plan. The U.S. Trustee submits that the proposed Disclosure Statement should not be approved unless the foregoing deficiencies are resolved.

                HABBO G. FOKKENA
                United States Trustee
                Region 12

Dated: March 13, 2008

                By:   e/Michael R. Fadlovich
                      Michael R. Fadlovich
                      Attorney/Advisor #158410

1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415
612/ 664-5500

## VERIFICATION

I, Michael Fadlovich, Trial Attorney for the United States Trustee, do hereby certify that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 13, 2008

                                                                           e/Michael R. Fadlovich
                                                                               Michael R. Fadlovich

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: )
)
ROCHESTER SERVICE ) Case No. 07-32664
CORPORATION, LLC )
) Chapter 11 Bankruptcy Case
)
_____

MEMORANDUM OF LAW IN SUPPORT OF
OBJECTIONS TO PROPOSED DISCLOSURE STATEMENT
_____

The primary purpose of a disclosure statement is to give creditors information necessary to decide whether to accept the plan. In re Monnier Bros., 755 F.2d 1336, 1342 (8th Cir. 1985).

A disclosure statement must provide "adequate information" as defined in 11 U.S.C. 1125(a):

> Precisely what constitutes adequate information in any particular instance will develop on a case by case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case . . . . In reorganization cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 409, reprinted in 1978 U.S. Code Cong. & Admin. News 5963, 6365. See also, 11 U.S.C. §1125(b) and In re Texas Extrusion Corp., 844 F.2d 1142, 1157 (5th Cir.), cert denied, 109 S.Ct. 311 (1988).

A nonexclusive list of the types of information that should be included in a disclosure statement can be found in In re Dakota Rail, Inc., 104 B.R. 138, 142-143 (Bkrtcy.D.Minn. 1989). See also, In re Haukos Farms, Inc., 68 B.R. 428 (Bkrtcy.D.Minn. 1986) and In re Metrocraft Pub. Services, Inc., 39 B.R. 567 (Bkrtcy.N.D.Ga.

HABBO G. FOKKENA
                                            United States Trustee
                                            Region 12

Dated: March 13, 2008
                                      By:    e/Michael R. Fadlovich
                                            Michael R. Fadlovich
                                            Attorney/Advisor  #158410
                                            1015 U.S. Courthouse
                                            300 South Fourth Street
                                            Minneapolis, MN  55415
                                            612/ 664-5500

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

| In re: | ) | |
|---|---|---|
| | ) | |
| ROCHESTER SERVICE | ) | Case No. 07-32664 |
| CORPORATION, LLC | ) | |
| | ) | Chapter 11 Bankruptcy Case |
| | ) | |

_____

This matter came before the Court for hearing on the hearing on adequacy of the January 29, 2008, proposed Disclosure Statement and related Plan as filed by the above named Debtor in the above entitled case. Michael R. Fadlovich appeared on behalf of the United States Trustee. Other appearances were noted in the record.

The Court made its findings of fact and conclusions of law on the record pursuant to Rule 52 of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7052. Based on those findings,

IT IS HEREBY ORDERED:

That approval of the proposed Disclosure Statement is denied.

_____
NANCY C. DREHER
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

| In re: | ) |  |
|---|---|---|
|  | ) |  |
| ROCHESTER SERVICE CORPORATION, LLC | ) ) | Case No. 07-32664 |
|  | ) | Chapter 11 Bankruptcy Case |
|  | ) |  |

The undersigned hereby certifies under penalty of perjury that he is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers. That on March 13, 2008, she served a copy of the attached: United States Trustee's Objections to Proposed Disclosure Statement and Plan by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Minneapolis, Minnesota.

Addressee(s):

Rochester Service Corp, LLC.
3 BLUE SPRUCE COURT
Saint Paul, MN 55127

Chad J Bolinske
Bolinske & Bolinske PLLC
1660 South Hwy 100
STE 508
St Louis Park, MN 55416

Eric Sherburne, Esq.
Stein & Moore
First National Bank Building
332 Minnesota St
Suite W-1650
St. Paul, MN 554101

          **By:**    e/Lilia Serna
                Lilia Serna
                U.S. Trustee's Office
                300 South Fourth St., #1015
                Minneapolis, MN 55415
                (612) 664-5500