# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

BKY 07-32664

Rochester Service Corporation, LLC,

Debtor.

## NOTICE OF HEARING AND MOTION FOR
## RELIEF FROM THE AUTOMATIC STAY

TO:     Parties in interest pursuant to LOCAL RULE 9013-3.

1.      Minnwest Bank Central (the "Bank" or "Movant"), by and through its undersigned counsel, moves the court for the relief requested below and gives notice of hearing.

2.      A hearing on this motion will be held before the Honorable Nancy C. Dreher, Courtroom 7West, Seventh Floor, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, on **April 30, 2008** at **1:00 p.m.** or as soon thereafter as counsel may be heard.

3.      Any response to this motion must be filed and delivered not later than April 25, 2008 which is three days before the date set for the hearing (excluding Saturdays, Sundays, and holidays), or filed and served by mail not later than April 21, 2008, which is seven days before the hearing date (excluding Saturdays, Sundays, and holidays).   UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.      This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, FED. R. BANKR. P. 5005, and LOCAL RULE 1070-1.  The proceeding is a core proceeding. The petition commencing this case was filed on July 23, 2007  ("Petition Date").  The case is now pending in this court.

5.     The motion arises under 11 U.S.C. § 362 and FED. R. BANKR. P. 4001. This motion is filed under FED. R. BANKR. P. 9014 & 9006 and LOCAL RULES 9006-1 and 9013-1 to 9013-3.

6.     Movant requests relief from the automatic stay. Movant requests relief from the automatic stay on the following grounds:

    (a)    Breach of the Cash Collateral Order, dated February 26, 2008, namely:

        (i)    Discharge of Paramark Real Estate Service as property manager;

        (ii)    Failure to provide U.S. Trustee reports;

        (iii)    Failure to provide rent rolls;

        (iii)    Failure to provide information requested by Minnwest;

    (b)    Failure to Appear for Rule 2004 Examination and to Produce Subpoenaed Documents;

    (c)    Inability to Reorganize; and

    (d)    Operating at a Loss.

The foregoing items constitute cause for granting relief from the automatic stay.

### *The Bank's Secured Claim against the Debtor*

7.     The Bank holds a claim in the approximate amount of $2,891,000, the basis of which is memorialized in a promissory note dated August 2, 2005 (the "Note") in the original amount of $2,900,000. A copy of the Note is attached as Exhibit A to the Bank's Objection to Motion for Use of Cash Collateral (Docket No. 11).

8.     The Bank's claim is secured under a Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Financing Statement dated August 2, 2005 (the "Mortgage",

"Mortgage and Security Agreement" or "Security Agreement"). A copy of the Mortgage is attached as Exhibit B to the Bank's Objection (Docket No. 11).

9.     The Mortgage grants a lien on certain real estate legally described as Lot 3, Block 1, Campustown Subdivision, Olmsted County, Minnesota and commonly known as the Trail Ridge Apartments in Rochester (the "Premises). The Mortgage was recorded in the office of the County Recorder for Olmsted County on August 10, 2005 as Doc. No. A-1071943.

10.     The Bank's claim is further secured by a lien in all of the Debtor's cash, cash equivalents, accounts, equipment, leases, supplies and general intangibles. Such security interest was the subject of a UCC financing statement filed with the Minnesota Secretary of State on August 19, 2005, as Doc. No. 20518415511. A copy of the financing statement is attached as Exhibit C to the Bank's Objection (Docket No. 11).

11.     All of the collateral subject to the Mortgage and Security Agreement, including the Premises and the accounts, inventory, equipment, general intangibles, as well as the proceeds of all of the foregoing, are hereafter collectively referred to as the "Collateral".

13.     The Bank's claim is also secured, to a stated, limited extent, by a replacement lien ("Replacement Lien"), granted by the Debtor, in all property of the same types now existing or at any time becoming property of the estate of the Debtor, including all post-petition cash, cash equivalents, accounts, equipment, leases, supplies, and general intangibles (other than avoidance actions and proceeds thereof) coming into existence after the Petition Date, and on their proceeds, and any replacement equipment acquired by the Debtor (other than that acquired by purchase money security agreement), and its proceeds, which lien shall have the same priority, dignity, and effect as the Bank's pre-petition lien in the same. The replacement lien was granted in addition to the Bank's pre-petition lien in the Collateral. The post petition lien was intended as a replacement

lien and secured the above-described Existing Indebtedness of the Debtor to the Bank, but only to the extent of Debtor's use of the Collateral, including consumption of Cash Collateral, in which the Bank has an interest and which is not otherwise replaced by payments.

14.     Under a cash collateral stipulation and order, dated August 22, 2007 and February 26, 2008, the Bank's claim also includes post petition interest and attorneys' fees, to the full extent allowable under 11 USC Section 506.

### *Cash Collateral Order and Defaults*

15.     On February 26, 2008, the Court entered an Order Re:  Use of Cash Collateral and Adequate Protection ("Cash Collateral Order").[1]

16.     The Cash Collateral Order contained the following terms, among others:

(a)     Debtor shall continue to engage Paramark Real Estate Service (Paramark) to manage and preserve the Debtor's premises. *Cash Collateral Order, Para 7.*

(b)     Debtor shall timely file all reports required by the U.S. Trustee and shall forward a copy of all such report to Minnwest Bank contemporaneous with submission of the reports to the U.S. Trustee. *Cash Collateral Order, Para 9.*

(c)     Debtor shall provide Minnwest with updated rent rolls, showing complete contact information and payment status for each tenant, no later than the 15th of each month commencing March, 2008. *Cash Collateral Order, Para 10.*

(d)     Debtor shall provide Minnwest Bank with financial information reasonably requested by Minnwest Bank (including but not limited to copies of all leases), and

---

[1] Prior to the Cash Colllateral Order, the Debtor's use of cash collateral was subject to the terms of a stipulation, dated August 20, 2007, and approved by the Court by order, dated August 22, 2007.  The term of the stipulation was through November 13, 2007.  Thereafter, the parties negotiated for a second cash collateral order but did not arrive at a negotiated agreement.  Ultimately the Debtor filed a motion for use of cash collateral on January 8, 2008.

Debtor shall allow Minnwest Bank to inspect Debtor's books and records, all within a reasonable time after any requests for the same. *Cash Collateral Order, Para 11.*

    (e)    Debtor shall pay Minnwest Bank $15,232.00 on or before the 15th of each month, commencing March, 2008.[2]

    17.    The Debtor has defaulted on its obligations under the Cash Collateral Order. The Debtor's defaults include the following:

    (a)    **Termination of Paramark.** The Debtor discharged Paramark on April 4, 2008. Minnwest will provide an affidavit of Mike Busch, principal of Paramark attesting to the Debtor's discharge of Paramark after Paramark gave notice of its resignation as property manager to be effective April 30, 2008. Upon information and belief, the Debtor has failed to immediately employ a replacement property manager. Upon information and belief, there is no on site property manager at the Premises to address tenant requests and complaints, to show apartments for rental, to prepare vacant apartments for rental, or to maintain the Premises.

    (b)    **U.S. Trustee Reports.** The Debtor has failed to timely file all reports required by the U.S. Trustee and to forward a copy of all such reports to Minnwest Bank contemporaneous with submission of the reports to the U.S. Trustee. On information and belief, the Debtor failed to timely file with the U.S. Trustee the monthly report for the month ended March 31, 2008. The Debtor has not forwarded to Minnwest Bank a copy of a monthly operating report for March, 2008.

---

[2] Payment of $15,232.00 was made in March and April. Attached hereto as *Exhibit 1* is a copy of a check, drawn on an account owned by Spring Lake Park Apartments Housing Association, that was delivered on April 15, 2008 to the Bank for payment on account of the Debtor's adequate protection obligation. From this check, the Court can reasonably conclude that the Debtor is not paying its obligations through the use of the mandated debtor-in-possession account.

(c)    **Rent Rolls**.  The Debtor has failed to provide Minnwest with updated rent rolls, showing complete contact information and payment status for each tenant, no later than the 15th of each month commencing March, 2008.   The Debtor has not provided the rent roll information for March, due on March 15, or for April, due on April 15.   Counsel for Minnwest requested the March rent rolls in an email sent March 28, 2008.  Minnwest's counsel did not receive a reply to the March 28 email. By letter, dated April 1, 2008, counsel for Minnwest requested the March 15 rent rolls.  Minnwest's counsel did not receive a letter in response. By email, dated April 6, 2008, counsel for Minnwest requested a response to the March 28 email and April 1 letter.  On April 7, 2008, counsel for the Debtor sent an email stating that the requested information would be forwarded.  Counsel for Minnwest sent an immediate reply to the April 7 email asking when the information would be sent.  Counsel for the Debtor did not respond.  Minnwest's counsel has not receive to date, a response to the April 7 inquiry.  A copy of the string of emails from March 28, April 6 and April 7 is attached hereto as *Exhibit 2*.  As of April 16, 2008, the information has not been received.

(d)    **Minnwest Requests for Information**.  The Debtor has failed to provide financial information reasonably requested by Minnwest Bank.  The Debtor's continuing failure to provide the requested financial information constitutes a failure to provide information requested within a reasonable time after the request is made.

(i)    Proof of payment of property taxes.  On March 18, 2008, counsel for Minnwest requested proof of payment of the property taxes.  On April 1, 2008, counsel for Minnwest sent a letter to counsel for the Debtor repeating the request for proof of payment of the property taxes.  A copy of the April 1, 2008 letter is attached hereto as *Exhibit 3*.  To date, proof of payment has not been received.

(ii) On March 28, 2008 and again on April 1, 2008, counsel for Minnwest requested a copy of the January U.S. Trustee monthly operating report. To date, the January operating report has not been received.

### *Failure to Appear at Rule 2004 Examination and Produce Subpoenaed Documents*

18. By Application, filed August 3, 2007, Minnwest sought an order requiring the examination of the Debtor and Hyder Jaweed individually pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

19. By Order, dated August 3, 2007, the application was granted and this Court authorized Minnwest to conduct examinations of the Debtor and Hyder Jaweed.

20. After significant difficulty in obtaining service of a subpoena on Hyder Jaweed, the details of which will be set forth in further pleadings to be filed with the Court, the Debtor and Hyder Jaweed were served with a Subpoena for Rule 2004 Examination. The Subpoena served on Mr. Jaweed also demanded the production of documents on or before March 5, 2008.

21. The documents listed in the subpoena and required to be produced on or before March 5, 2008 were not produced.

22. On March 12, 2008, on the date and at the time scheduled for the examination of Hyder Jaweed, a man who identified himself as Ashgar Jaweed, appeared at the location of the deposition and handed to counsel for Minnwest, a Medical Absence Report. A copy of the Medical Absence Report is attached hereto as *Exhibit 4*.

23. The examination of the Debtor was scheduled for March 24, 2008 at 1:00 p.m.

24. Shortly before Noon on March 24, 2008, counsel for the Debtor sent an email attaching a note that Mr. Jaweed was in urgent care over the weekend and was unable to attend

the deposition. A copy of the email communication and Medical Absence Report is attached hereto as *Exhibit 5*.

25.     Contrary to his statement in the March 24 email, Counsel for the Debtor has not sought to reschedule the 2004 examinations.

### *Inability to Reorganize*

26.     On March 27, 2008, the Debtor filed an Amended Disclosure Statement of Rochester Service Corporation, LLC, dated March 26, 2008, ("Amended Disclosure Statement").

27.     On March 27, 2008, the Debtor filed an Amended Plan of Reorganization of Rochester Service Corporation, LLC, dated March 26, 2008. ("Amended Plan").

28.     The Amended Disclosure Statement and Amended Plan contain fatal flaws that render the plan facially nonconfirmable.

### *Debtor's Projections Show Debtor Cannot Make All Required Plan Payments*

29.     The Debtor's projections found in Exhibit A to the Amended Disclosure Statement show that the Debtor cannot make the payments that it has established in the Amended Plan. Taking the Debtor's projections at face value, without argument on the income or expense figures, the Debtor's projections show that the Debtor cannot cash flow the operating expenses and the plan payments required.[3]

30.     The plan payments referenced in the Debtor's projections are: $178,440 for "Interest on mortgage" and $60,000 (with small increases in subsequent plan years) for "Chapter

---

[3] The Debtor may argue that the anticipated capital contribution of $50,000 post confirmation from Hyder Jaweed addresses the shortfall. This in fact is not the case. The Debtor's projections in Exhibit A show a projected loss of $49,012 in Year 1, a loss of $24,602 in Year 2, a loss of $12,805 in Year 3, and a loss of $1,106 in Year 4. The significance of the projected losses is that the Debtor will not have the cash available to make the plan payments stated in the projections. The $50,000 capital contribution is necessary to address the $49,000 projected loss in Year 1. This $49,000 projected loss is before the deficiencies in the Debtor's calculation of total plan payments required, explained in the paragraphs herein following this footnote. In addition, under the plan the Debtor is required to pay $35,000 in projected professional fees, and approximately $20,000 per year to unsecured creditors. Based on the Debtor's own numbers, the Debtor falls far short of revenues sufficient to pay the proposed payments.

11 plan expenses." According to the Debtor's projections, it will pay towards plan payments, the following:

| | | |
|---|---|---|
| Year 1 | $238,440 | ($178,440 + $60,000 = $238,440) |
| Year 2 | $239,640 | ($178,440 + $61,200 = $239,640) |
| Year 3 | $240,864 | ($178,440 + $62,424 = $240,864) |
| Year 4 | $242,112 | ($178,440 + $63,673 = $242,112) |
| Year 5 | $243,386 | ($178,440 + $64,946 = $243,386) |

These annual aggregate plan expenses are insufficient to pay the payments required under the plan.

31.     With respect to the Bank's claim, the Amended Plan proposes to pay the following:

> Class 1: Pay the full amount of the claim with interest at 6.5%, with payments starting at $15,232 and then becoming $19,764 beginning July 15, 2008;

> Class 1A: Pay the full amount of the claim with interest at 6.5%, with distribution of $2,583 per month beginning 30 days after plan confirmation;

> Class 1B: Pay the full amount of the claim, with interest at 6.5%, with distribution of $383.33 per month beginning 30 days after plan confirmation.

For the Bank's claim alone, the Debtor is required under the Amended Plan to pay a total amount of $18,198.33 per month for the first months of the plan ($15,232 + $2,583 + $383.33 = $18,198.33), and an increased total amount of $22,730.33 per month thereafter ($19,764 + $2,583 + $383.33 = $22,730.33). In Year 2, (which has uniform monthly payments) according to the payments outlined in the Amended Plan, the Debtor is required to pay the Bank the total sum of $272,763.96 ($22,730.33 x 12 = $272,763.96). According to the Debtor's own projections, the Debtor is only paying funds in the amount of $239,640 *for all* of the plan payments in Year 2.

32.     Because the Debtor's own projections show that the Debtor cannot make its own proposed plan payments, the plan is facially non-confirmable.

9

*Improper Treatment of Bank's Claim*

33.     Section 506(b) states that an over-secured creditor is entitled to any reasonable fees, costs or charges provided for under the agreement under which the claim arises.  The Bank's note, mortgage and security agreement provide for costs and attorneys fees.  Based on the Court's recent valuation of the property at $3,700,000, the Bank is over-secured.  The Bank has incurred costs in excess of $50,000.

34.     The Amended Plan does not provide for the payment of the Bank's costs.  In Articles V and VI of the Amended Plan, the Debtor provides, with respect to each of the three classes making up the Bank's claim, as follows:

\* \* \*

## ARTICLE V

## CLASSIFICATION OF CLAIMS AND INTEREST

(a)     **Class 1:  Secured Claim of Minnwest Bank**.  Class 1 Claims shall consist of the secured claims of Minnwest Bank . . . estimated to be in the amount of $2,828,966.80 plus accrued and unpaid interest.

(b)     **Class 1A:  Secured Claim of Minnwest Bank**.  Class 1A Claims shall consist of the arrears owed on the real property . . . estimated at $62,000 plus accrued and unpaid interest.

(c)     **Class 1B:  Secured Claim of Minnwest Bank**.  Class 1B Claims shall consist of the post petition arrears and is approximately $23,000.00.

\* \* \*

## ARTICLE VI

## TREATMENT OF CLASSES

(a)     **Class 1:  Secured Claim of Minnwest Bank**.  Holder of Class 1 Secured Claims shall be paid in full amount of its claims over a period of three years together with interest at the rate of 6.5%, based on a twenty five year amortization, with a balloon payment due at the end of three years. . . .  Class 1 Claims are estimated to be in the amount of $2,828,966.80 plus accrued and unpaid interest.

(b) **Class 1A: Secured Claim of Minnwest Bank.** The holders of Class 1A Secured Claims shall be paid the full amount of its claims over a period of two years together with interest at the rate of 6.5%. . . .

(c) **Class 1B: Secured Claim of Minnwest Bank.** The holders of Class 1B Secured Claims shall be paid the full amount of its claims over a period of five years. The claim consists of post petition arrears and is approximately $23,000. This claim will be paid interest at 6.5%.

\* \* \*

*Amended Plan of Reorganization of Rochester Service Corporation, LLC, pp 4-5.* Taken as a whole, and with a reasonable interpretation of the language, the plan does not provide for the allowance and payment of the Bank's costs of $50,000.

35. Because the Debtor does not provide for the allowance and payment of the Bank's costs as required by Section 506(b), the Amended Plan is facially nonconfirmable.

*Failure to Classify (Separately or Otherwise) Judgment Lien Creditor.*

36. The Amended Disclosure Statement references a judgment obtained against the Debtor before the case was commenced in favor of Bosteio M. Abdulle, Saido Abdi, Ibado Aden Sabriye, Fadumo I. Egal, Mahamoud Hassan, and Fahia Jimale. The Amended Disclosure Statement references the intent to avoid the judgment lien by commencement of a preference action against the judgment creditors.

37. Based on the Court's valuation of the property at $3,700,000, the judgment lien claim is presently (i.e. before avoidance) a fully secured claim. Section 1122(a) provides that a plan may place a claim in a particular class only if such claim is substantially similar to the other claims of such class. The judgment lien claim is presently not substantially similar to the other general unsecured claims. As such, the judgment lien claim requires separate classification. The Debtor has not separately classified the judgment lien claim. Section 1129 provides that the

11

court shall confirm a plan only if, among other things, the plan complies with the applicable provisions of Title 11. The Amended Plan does not comply with Section 1122(a) because it does not separately classify the judgment lien claim. As a result, the Amended Plan is not confirmable.

38. Because the Amended Plan does not separately classify and treat the judgment lien claim, the Amended Plan is facially nonconfirmable.

*No Further Amendment is Permissible*

39. This Court's Order re: Scheduling, dated February 26, 2008, gave the Debtor until March 27, 2008 to file any amended plan and/or amended disclosure statement. The Debtor in fact filed the Amended Disclosure Statement on March 27, 2008. Prior to filing the Amended Disclosure Statement, Debtor's counsel had received the Bank's March 24 Objection.[4] The Debtor chose to file an amended disclosure statement that did not address all of the objections raised in the March 24 Objection. In an email, dated March 28, 2008, counsel for the Bank asked Debtor's counsel if he intended to submit additional amended documents to address the Bank's objections, or if his position was that the documents filed were sufficient to address the objections. Debtor's counsel did not respond.

40. Given the February 26, 2008 Order, the Debtor cannot, in fact, file another amended disclosure statement, unless the Court grants relief from the February 26 Order. There is no cause for such relief. The Debtor has had full opportunity to file, by the stated deadline, a plan and accompanying disclosure statement addressing the objections of the Bank, and the

---

[4] Bank's counsel infers, from the lack of response to an email, sent March 25, 2008, by Bank's counsel to Debtor's counsel, that Debtor's counsel received the Bank's March 24 Objection. The March 25 email stated that the Bank had filed objections March 24, and asked Debtor's counsel to advise if he had not received the objections. The Bank's counsel received no response from Debtor's counsel. Some of the revisions contained in the amended disclosure statement address issues raised only in the Bank's March 24 Objection, so it is reasonable to conclude that, in fact, Debtor's counsel did receive the March 24 Objection.

Debtor has failed or refused to use that opportunity. In fact, the circumstances may well cause the Court to consider entry of an order to show cause why this case should not be dismissed or converted.

41.     The Bank has other objections to the Amended Disclosure Statement, as reflected in the objections filed on March 24. The three referenced above are indisputable objections that render the Amended Plan non-confirmable. Based on those three alone, the Court can conclude that the plan is non-confirmable. A non-confirmable plan constitutes cause for granting relief from stay.

## Operating at a Loss

42.     The monthly operating reports filed by the Debtor with the Office of the U.S. Trustee show that the Debtor is not operating profitably. The reports provide the following information:

| Month Ended | Excess (Deficiency) of Receipts over Disbursements | | Profit (Loss) from Statement of Operations |
|---|---|---|---|
| 2/08 | ( 380.00) | | ( 41,820.00) |
| 1/08 | ( 2,177.00) | | ( 38,087.00) |
| 12/07 | 2,475.00 | | ( 37,104.00) |
| 11/07 | (10,422.00) | | ( 35,860.00) |
| 10/07 | (10,250.00) | | ( 67,204.00) |
| 9/07 | ( 4,749.00) | | ( 32,484.00) |
| 8/07 | 26,905.00 | | ( 27,263.00) |
| 7/07 | ( 3,928.00) | | ( 3,928.00) |
| | | *Accumulated Loss* | $283,750.00 |

A copy of the Summary of Financial Status page from the Debtor's monthly operating reports for each of the months indicated is attached as **Exhibit 6**.[5]

43.     The Debtor's post petition performance demonstrates an inability to reorganize.

---

[5] The Summary page of the report for January is not included in the exhibit because Minnwest has not received the January, 2008 reports; the January figures provided above are taken from the February, 2008 report. The January figures are provided in the February report in the column titled "Prior Month."

*Summary*

44. Cause exists to grant the Bank relief from the automatic stay because (a) the Debtor defaulted under the Cash Collateral Order; (b) the Debtor has failed to appear at Rule 2004 Examination; (c) no effective reorganization is in prospect; and (d) the Debtor is operating at a loss.

*Notice of Witnesses*

45. The Bank hereby provides notice that if necessary, it will provide testimony from the following possible witnesses: (a) Hyder Jaweed, manager of the Debtor regarding the operations of the Debtor and the proposed plan and projections; (b) Tom Kleiner, Office of the U.S. Trustee regarding the Debtor's post petition operations and monthly operating reports; and (c) Representatives of the Bank, including Richard Schroeder, regarding the Debtor's performance under the cash collateral order and plan proposals.

WHEREFORE, the Bank moves the Court for an order: (a) terminating the automatic stay with respect to the Bank's interest in the Debtor's property; and (b) granting such other relief as may be just and proper.

STEIN & MOORE, P.A.

Dated: April 16, 2008

/e/ Mary L. Cox
Mary L. Cox (Atty. No. 176552)
332 Minnesota St., Ste. W-1650
St. Paul, MN 55101
651-224-9683

**Deposit Receipt**

All items are received subject to conditions and terms stated on signature cards currently used. Deposits received are credited as of the business date shown below.

**Checking Deposit Receipt unless marked below**

☐ Savings          ☐ Installment loan pmt.    ☐ Safe deposit rent
☐ Tax deposit      ☐ Comm‶/lg loan pmt.       ☐ Mortgage loan pmt.
☐ Health Savings   ☐ Ready credit pmt.        ☐ Retirement accts.

Dick Schroeder

Information imprinted above includes: bank symbol, transaction number, date and amount of deposit, but not necessarily in that order.

MINNWEST BANK

Member FDIC

WE HAVE THE
HIGH SAVINGS
MORTGAGE
FOR YOU!
HOME SWEET
LOAN

1044

75-1257/919

SPRING LAKE PARK APARTMENTS
HOUSING ASSOCIATION
3 BLUE SPRUCE COURT
NORTH OAKS, MN 55127

DATE 1/14/06

PAY TO THE
ORDER OF   Minnwest Bank                          $ 15,232.00

Fifteen thousand two hundred thirty two                          DOLLARS

COMMERCE BANK
CENTENNIAL LAKES
Edina, MN 55435
952/841-9750

MEMO Loan #1 / Rochester Service Corp, Inc.

⑈00⑈014⑈: ⑈0919⑆12571⑈: 2 003 308⑈

Security features
included.
Details on back.

MP

EXHIBIT
1

## Mary Cox

**From:** Mary Cox
**Sent:** Monday, April 07, 2008 9:10 AM
**To:** Chad Bolinske
**Subject:** RE: Minnwest Bank - Rochester Services

When?

---

**From:** Chad Bolinske [mailto:chad.bolinske@bolinskelaw.com]
**Sent:** Monday, April 07, 2008 8:59 AM
**To:** Mary Cox
**Subject:** RE: Minnwest Bank - Rochester Services

I will forward the requested information to your office.

Chad J. Bolinske
Attorney at Law
Bolinske & Bolinske, PLLC
1660 South Hwy 100 Suite 508
East Parkdale Plaza Bldg
St. Louis Park, MN 55416

Telephone: 952-294-0144
Facsimile: 952-294-0146

Confidentiality Disclaimer: This e-mail message and any attachments are private communication sent by the law firm, Bolinske & Bolinske, PLLC, and may contain confidential, legally privileged information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system. Thank you.

---

**From:** Mary Cox [mailto:mcox@steinmoore.com]
**Sent:** Sunday, April 06, 2008 3:16 PM
**To:** Chad Bolinske
**Subject:** RE: Minnwest Bank - Rochester Services

May I please have a response to my email of March 28, and my letter of April 1 requesting:

1. Proof of payment of property taxes.
2. Copy of January monthly operating report.
3. Updated rent rolls due for March 15.

---

**From:** Chad Bolinske [mailto:chad.bolinske@bolinskelaw.com]
**Sent:** Tuesday, April 01, 2008 11:19 AM



EXHIBIT
2

4/16/2008

**To:** Mary Cox
**Cc:** 'Fadlovich, Michael'
**Subject:** RE: Minnwest Bank - Rochester Services

I have continued the hearing on the disclosure statement to April 30, 2008 at 1pm, and will send formal notice.

Chad J. Bolinske
Attorney at Law
Bolinske & Bolinske, PLLC
1660 South Hwy 100 Suite 508
East Parkdale Plaza Bldg
St. Louis Park, MN 55416

Telephone: 952-294-0144
Facsimile: 952-294-0146

Confidentiality Disclaimer: This e-mail message and any attachments are private communication sent by the law firm, Bolinske & Bolinske, PLLC, and may contain confidential, legally privileged information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system. Thank you.

---

**From:** Mary Cox [mailto:mcox@steinmoore.com]
**Sent:** Friday, March 28, 2008 6:33 PM
**To:** chad.bolinske@bolinskelaw.com
**Subject:** Minnwest Bank - Rochester Services

Chad:

In reviewing our file, I note that, as best as I can determine, we did not receive a copy of the January monthly operating reports and attachments filed with the U.S. Trustee.

We did get some financial reports with January information via an email that you sent to Eric on March 10, but did not get the actual reports.

Please provide me a copy.

Mary.

Mary L. Cox
Stein & Moore, P.A.
The First National Bank Building
332 Minnesota Street, Suite W-1650
St. Paul, Minnesota 55101
Telephone: 651-224-9683
Facsimile: 651-223-5212
Email: mcox@steinmoore.com

4/16/2008

**STEIN & MOORE, P.A.**
ATTORNEYS AT LAW
332 MINNESOTA STREET
SUITE W-1650
ST. PAUL, MN 55101
web address www.steinmoore.com

TELEPHONE (651) 224-9683
TELECOPIER (651) 223-5212

Legal Assistants:
Linda M. Reff
Pamela J. Stevens

Peter B. Stein
Ralph L. Moore+
Eric J. Sherburne
Kristine K. Nogosek ++
Mary L. Cox
+ also admitted in Wisconsin
++also admitted in South Dakota

Of counsel: Jonathan Fay, P.C.
Jonathan (Jack) R. Fay*
* also admitted in North Dakota

April 1, 2008

*Via Fax : 952-294-0146  -and-*
*Via Email: chad.bolinske@bolinskelaw.com*

Chad Bolinske
1660 South Hwy 100, Suite 508
St. Lous Park, MN  55416

Re:    Rochester Service Corp, LLC
       BKY 07-32664

Dear Mr. Bolinske:

This letter is to follow up on several matters listed below.

1.    <u>Proof of payment of property taxes</u>.  It is my understanding that you and Eric Sherburne spoke on or about March 18, regarding the payment of the property taxes (i.e. Second Half 2007 and First Half 2008); that you indicated that you were told that they had been paid; and that Eric requested proof of payment.  To date, we have not received that proof of payment.

2.    <u>January U.S. Trustee monthly operating report</u>.  As I indicated in my email to you March 28, 2008, to the best of my knowledge we have not received the January monthly operating reports.  To date, you have not supplied the report or responded to my email

3.    <u>Updated rent rolls</u>.  To the best of my knowledge, we have not received the updated rent rolls, including contact information and payment status for each tenant, due March 15, 2008.

4.    <u>Rule 2004 Examinations</u>.  Hyder Jaweed, personally, and a corporate officer of the Debtor, are still under subpoena for appearance at an examination under Bankruptcy Rule 2004. Mr. Jaweed was properly served with a subpoena commanding his personal appearance on March 12, 2008.  The Debtor was properly served with a subpoena commanding its appearance on March 24, 2008.  On both occasions, on the date of the deposition and shortly before the

EXHIBIT

3

commencement time of the deposition, you faxed to Eric a note from two different doctors (i.e. one doctor's note for each occasion) stating that Mr. Jaweed was ill and could not attend the deposition. Upon Eric's return next week, I expect that we will take action regarding the depositions.

Could you please provide me with the requested items, or a response regarding same, before Noon, tomorrow, April 2, 2008? Thank you.

STEIN & MOORE, P.A.

Mary L. Cox

Cc:    Minnwest Bank

\* \* \* Communication Result Report ( Apr. 1. 2008 10:54AM ) \* \* \*

1) Stein Moore
2)

Date/Time: Apr. 1. 2008 10:53AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|----------------|
| 3640 | Memory TX | 9522940146 | P. 3 | OK | |

---

Reason for error
E. 1) Hang up or line fail          E. 2) Busy
E. 3) No answer                     E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

---

**STEIN & MOORE, P.A.**
ATTORNEYS AT LAW
332 MINNESOTA STREET
SUITE W-1650
ST. PAUL, MN 55101
web address www.steinmoore.com

TELEPHONE (651) 224-9683
TELECOPIER (651) 223-3212

Peter B. Stein
Ralph L. Moore+
Eric J. Sherburne
Kristine K. Nogosek ++
Mary L. Cox
+ also admitted in Wisconsin
++also admitted in South Dakota

Legal Assistants:
Linda M. Reff
Pamela J. Stevens

Of counsel: Jonathan Fay, P.C.
Jonathan (Jack) R. Fay*
* also admitted in North Dakota

**FAX TRANSMITTAL**

Date:     April 1, 2008                          Fax No. 952-294-0146

To:       Chad Bolinske

From:     Mary L. Cox

Re:       Rochester Service Corp, LLC
          BKY 07-32664

(This fax consists of 3 pages, including this page)

IF YOU DO NOT RECEIVE THE ENTIRE TRANSMITTAL, PLEASE CALL 651-224-9683.

☐Original being mailed                          ☒Original NOT being mailed

The information contained in this facsimile transmission is confidential information which may contain information that is
legally privileged and exempt from disclosure under applicable law. The information is intended solely for the use of the
individual or entity named below. If you are not the intended recipient, you are hereby notified that you are not authorized
to disclose, copy, distribute or take any action in reliance on the contents of this facsimile transmission. If you have
received this facsimile transmission in error, please notify us immediately by telephone to arrange for the return of the
original transmission to us. Thank you.

**MEDICAL ABSENCE REPORT**

## Park Nicollet

Name: _Hyder Jaweed_

Has been under my care for the following: _____

_____  enteritis _____

_____

for the following period: _____

and is able to return to school/work on: _3/17/08_ _____

Activity Limitations: _____

_____

Patient was seen on _3/11/08_ _____ at _2:30_ ____ a.m./p.m.

Doctor: _____ Phone: _952-993-2100_

Date: _____

PARK NICOLLET HEALTH SERVICES

11828 (10/2000)

EXHIBIT

4

tabbies

## Eric Sherburne

**From:** Chad Bolinske [chad.bolinske@bolinskelaw.com]

**Sent:** Monday, March 24, 2008 11:54 AM

**To:** Eric Sherburne

**Subject:** Hyder Dr. Note.pdf, RSC

**Attachments:** Hyder Dr. Note.pdf

I have attached a note that Hyder was in urgent care this weekend and will be unable to attend this afternoons deposition. We will have to set up an alternative date.

Chad J. Bolinske
Attorney at Law
Bolinske & Bolinske, PLLC
1660 South Hwy 100 Suite 508
East Parkdale Plaza Bldg
St. Louis Park, MN 55416

Telephone: 952-294-0144
Facsimile: 952-294-0146

Confidentiality Disclaimer: This e-mail message and any attachments are private communication sent by the law firm, Bolinske & Bolinske, PLLC, and may contain confidential, legally privileged information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system. Thank you.

EXHIBIT
5

## Park Nicollet

### MEDICAL ABSENCE REPORT

Name: _Hyder Jaweed_

Has been under my care for the following: _____

_Pt was seen in urgent care on_

for the following period: _____

and is able to return to school/work on: _Sunday March 23_

Activity Limitations: _2008_

_____

_____

Patient was seen on _____ at _____

Doctor: _____  a.m./p.m.

PARK NICOLLET HEALTH SERVICES   Phone: _____

Date: _____

11828 (10/2000)



# Eric Sherburne

**From:** Chad Bolinske [chad.bolinske@bolinskelaw.com]
**Sent:** Monday, March 24, 2008 12:52 PM
**To:** Eric Sherburne
**Subject:** RE: Hyder Dr. Note.pdf, RSC

The only other represenative is Asgher.  He is not available, you should cancel the court reporter and we can set another date.

Chad J. Bolinske
Attorney at Law
Bolinske & Bolinske, PLLC
1660 South Hwy 100 Suite 508
East Parkdale Plaza Bldg
St. Louis Park, MN 55416

Telephone:  952-294-0144
Facsimile:  952-294-0146

Confidentiality Disclaimer: This e-mail message and any attachments are private communication sent by the law firm,  Bolinske & Bolinske, PLLC, and may contain confidential, legally privileged information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system. Thank you.

**From:** Eric Sherburne [mailto:esherburne@steinmoore.com]
**Sent:** Monday, March 24, 2008 12:07 PM
**To:** Chad Bolinske
**Subject:** RE: Hyder Dr. Note.pdf, RSC

Chad,

I object.  Produce another knowledgeable, authorized representative of the Debtor.

If you will, please acknowledge that you will.  If you refuse, please let me know so I am cancel the court reporter.


Eric Sherburne

**Stein & Moore, P.A.**
The First National Bank Building
332 Minnesota St., Ste. W-1650
St. Paul, MN 55101
651-224-9683
651-223-5212 fax


The information in this email and any attachment is private and confidential and is intended for the addressee only. The information may be protected

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Rochester Service Corp

Case No. 07-32664

**CHAPTER 11**

**MONTHLY OPERATING REPORT**

### SUMMARY OF FINANCIAL STATUS

MONTH ENDED: 2/08

FILING DATE: 7/23/07

Debtor in possession (or trustee) hereby submits this Summary of Financial Status.  Dollars reported in (S1)

| | End of Current Month | End of Prior Month | As of Petition Filing |
|---|---|---|---|
| **Asset Structure** | | | |
| a. Current Assets (Market Value) | 2,694,573 | 2,766,598 | |
| b. Total Assets (Market Value) | 2,694,573 | 2,766,598 | 4,012,300 |
| c. Current Liabilities | 3,090,138 | 3,070,051 | |
| d. Total Liabilities | 3,090,138 | 3,070,051 | 2,952,062 |

| | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| **Statement of Cash Receipts & Disbursements for Month** | | | |
| a. Total Receipts | 26,692 | 19,229 | 216,053 |
| b. Total Disbursements | 27,072 | 20,406 | 218,577 |
| c. Excess (Deficiency) of Receipts Over Disbursements (a - b) | <3807 | <2,1777 | <2,5247 |
| d. Cash Balance Beginning of Month | 432 | 2,609 | 2,576 |
| e. Cash Balance End of Month (c + d) | 52 | 432 | 52 |

| | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| Profit/(Loss) from the Statement of Operations | <41,820> | <38,087> | <283,749> |
| Account Receivables (Pre and Post Petition) | 10,171 | 10,316 | |
| Post-Petition Liabilities | 134,448.50 | 93,313 | |
| Past Due Post-Petition Account Payables (over 30 days) | 93,222.91 | 76,857 | |

: the end of this reporting month:

| | Yes | No |
|---|---|---|
| Have any payments been made on pre-petition debt, other than payments in the normal course to secured creditors or lessors? (if yes, attach listing including date of payment, amount of payment and name of payee) | | X |
| Have any payments been made to professionals? (if yes, attach listing including date of payment, amount of payment and name of payee) | | X |
| If the answer is yes to 8 or 9, were all such payments approved by the court? | | |
| Have any payments been made to officers, insiders, shareholders, relatives? (if yes, attach listing including date of payment, amount and reason for payment, and name of payee) | | X |
| Is the estate insured for replacement cost of assets and for general liability? | X | |
| Are a plan and disclosure statement on file? | X | |
| Was there any post-petition borrowing during this reporting period? | | X |

Check if paid: Post-petition taxes  X ; U.S. Trustee Quarterly Fees _____ ; Check if filing is current for: Post-petition tax reporting and tax returns: _____

(Attach explanation, if post-petition taxes or U.S. Trustee Quarterly Fees are not paid current or if post-petition tax reporting and tax return filings are not current.)

eclare under penalty of perjury that I have reviewed the above summary and attached pages (if applicable), and after making reasonable inquiry believe se documents are correct.

te: _____

_____
Responsible Individual

**EXHIBIT**

tabbies®

6

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: _Rochester Service Corp_

Case No. 07-32664

CHAPTER 11

MONTHLY OPERATING REPORT

## SUMMARY OF FINANCIAL STATUS

MONTH ENDED: _December 07_

CASE FILING DATE: _7/23/07_

Debtor in possession (or trustee) hereby submits this Summary of Financial Status. Dollars reported in ($1)

| Asset Structure | End of Current Month | End of Prior Month | As of Petition Filing |
|---|---|---|---|
| a. Current Assets (Market Value) } Balance sheet | 2,787,967 | 2,735,716 | 4,012,300 |
| b. Total Assets (Market Value) } | 2,788,967 | 2,735,716 | |
| c. Current Liabilities | 3,046,849 | 3,050,720 | 2,952,062 |
| d. Total Liabilities | 3,046,849 | 3,050,720 | |

| Statement of Cash Receipts & Disbursements for Month | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| a. Total Receipts | 68,204 | 27,801 | 171,132 |
| b. Total Disbursements | 65,729 | 38,224 | 171,100 |
| c. Excess (Deficiency) of Receipts Over Disbursements (a - b) | 2,475 | <10,423.7 | 32 |
| d. Cash Balance Beginning of Month | 133 | 10,555 | 2,576 |
| e. Cash Balance End of Month (c + d) | 2,608 | 133 | 2,608 |

| | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| Profit/(Loss) from the Statement of Operations | <37,104> | <35,860> | <203,842> |
| Account Receivables (Pre and Post Petition) | 9,008 | 6,733 | |
| Post-Petition Liabilities | 71,789 | 80,709 | |
| Past Due Post-Petition Account Payables (over 30 days) | 63,315 | 62,718 | |

: the end of this reporting month:

| | Yes | No |
|---|---|---|
| Have any payments been made on pre-petition debt, other than payments in the normal course to secured creditors or lessors? (if yes, attach listing including date of payment, amount of payment and name of payee) | | X |
| Have any payments been made to professionals? (if yes, attach listing including date of payment, amount of payment and name of payee) | | X |
| If the answer is yes to 8 or 9, were all such payments approved by the court? | | X |
| Have any payments been made to officers, insiders, shareholders, relatives? (if yes, attach listing including date of payment, amount and reason for payment, and name of payee) | | X |
| Is the estate insured for replacement cost of assets and for general liability? | X | |
| Are a plan and disclosure statement on file? | | X |
| Was there any post-petition borrowing during this reporting period? | | X |
| Check if paid: Post-petition taxes [X] ; U.S. Trustee Quarterly Fees ____ ; Check if filing is current for: Post-petition tax reporting and tax returns: [X] | | |
| (Attach explanation, if post-petition taxes or U.S. Trustee Quarterly Fees are not paid current or if post-petition tax reporting and tax return filings are not current.) | | |

declare under penalty of perjury that I have reviewed the above summary and attached pages (if applicable), and after making reasonable inquiry believe se documents are correct.

te: _____

(X) _____
Responsible Individual

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Rochester Service Corp

Case No. 07-32664

CHAPTER 11

MONTHLY OPERATING REPORT

## SUMMARY OF FINANCIAL STATUS

MONTH ENDED: November 07

Case FILING DATE: 7/23/07

Debtor in possession (or trustee) hereby submits this Summary of Financial Status. Dollars reported in ($1.)

| Asset Structure | End of Current Month | End of Prior Month | As of Petition Filing |
|---|---|---|---|
| a. Current Assets (Market Value) | 2,735,216 | 2,759,668 | |
| b. Total Assets (Market Value) | 2,035,216 | 2,159,668 | 4,012,300 |
| c. Current Liabilities | 3,050,720 | 3,048,812 | 2,952,062 |
| d. Total Liabilities | 3,050,720 | 3,048,812 | |

| Statement of Cash Receipts & Disbursements for Month | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| a. Total Receipts | 27,907 | 20,041 | 102,935 |
| b. Total Disbursements | 38,229 | 30,291 | 105,371 |
| c. Excess (Deficiency) of Receipts Over Disbursements (a - b) | <10,422> | <10,250> | <2,443> |
| d. Cash Balance Beginning of Month | 10,555 | 20,805 | 2,576 |
| e. Cash Balance End of Month (c + d) | 133 | 10,555 | 133 |

| | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| Profit/(Loss) from the Statement of Operations | <35,860> | <67,204> | <166,738> |
| Account Receivables (Pre and Post Petition) | 6,733 | 10,774 | |
| Post-Petition Liabilities | 80,709 | 76,472 | |
| Past Due Post-Petition Account Payables (over 30 days) | 62,718 | 45,138 | |

; the end of this reporting month:

| | Yes | No |
|---|---|---|
| Have any payments been made on pre-petition debt, other than payments in the normal course to secured creditors or lessors? (if yes, attach listing including date of payment, amount of payment and name of payee) | | X |
| Have any payments been made to professionals? (if yes, attach listing, including date of payment, amount of payment and name of payee) | | X |
| If the answer is yes to 8 or 9, were all such payments approved by the court? | | |
| Have any payments been made to officers, insiders, shareholders, relatives? (if yes, attach listing including date of payment, amount and reason for payment, and name of payee) | | X |
| Is the estate insured for replacement cost of assets and for general liability? | X | |
| Are a plan and disclosure statement on file? | X | |
| Was there any post-petition borrowing during this reporting period? | X | |
| Check if paid: Post-petition taxes _____ ; U.S. Trustee Quarterly Fees _____ ; Check if filing is current for: Post-petition tax reporting and tax returns: X | | |
| (Attach explanation, if post-petition taxes or U.S. Trustee Quarterly Fees are not paid current or if post-petition tax reporting and tax return filings are not current.) | | |

declare under penalty of perjury that I have reviewed the above summary and attached pages (if applicable), and after making reasonable inquiry believe se documents are correct.

(X) _____
Responsible Individual

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: **Rochester Service Corp**

Case No. **07-32664**

CHAPTER 11

MONTHLY OPERATING REPORT

## SUMMARY OF FINANCIAL STATUS

MONTH ENDED: **October 2007**

CASE FILING DATE: **7/23/07**

Debtor in possession (or trustee) hereby submits this Summary of Financial Status. Dollars reported in ($1)

| | End of Current Month | End of Prior Month | As of Petition Filing |
|---|---|---|---|
| **Asset Structure** | | | |
| a. Current Assets (Market Value) | 2,759,668 | 2,772,100 | 4,012,300 |
| b. Total Assets (Market Value) | 2,759,668 | 2,772,100 | |
| c. Current Liabilities | 3,048,812 | 2,994,040 | 2,952,062 |
| d. Total Liabilities | 3,048,812 | 2,994,040 | |

| | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| **Statement of Cash Receipts & Disbursements for Month** | | | |
| a. Total Receipts | 26,041 | 14,624 | 75,121 |
| b. Total Disbursements | 30,291 | 19,373 | 67,142 |
| c. Excess (Deficiency) of Receipts Over Disbursements (a - b) | ⟨10,2507⟩ | ⟨4,749⟩ | 7,979 |
| d. Cash Balance Beginning of Month | 20,805 | 25,553 | 2,576 |
| e. Cash Balance End of Month (c + d) | 10,555 | 20,804 | 10,555 |

| | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| Profit/(Loss) from the Statement of Operations | ⟨67,2047⟩ | ⟨32,484⟩ | ⟨130,8797⟩ |
| Account Receivables (Pre and Post Petition) | 16,774 | 13,445 | |
| Post-Petition Liabilities | 76,472 | 41,979 | |
| Past Due Post-Petition Account Payables (over 30 days) | 65,138 | 16,000 | |

: the end of this reporting month:

| | Yes | No |
|---|---|---|
| Have any payments been made on pre-petition debt, other than payments in the normal course to secured creditors or lessors? (if yes, attach listing including date of payment, amount of payment and name of payee) | | X |
| Have any payments been made to professionals? (if yes, attach listing including date of payment, amount of payment and name of payee) | | X |
| If the answer is yes to 8 or 9, were all such payments approved by the court? | | |
| Have any payments been made to officers, insiders, shareholders, relatives? (if yes, attach listing including date of payment, amount and reason for payment, and name of payee) | | X |
| Is the estate insured for replacement cost of assets and for general liability? | X | |
| Are a plan and disclosure statement on file? | X | X |
| Was there any post-petition borrowing during this reporting period? | | X |

Check if paid: Post-petition taxes _____; U.S. Trustee Quarterly Fees _____; Check if filing is current for: Post-petition tax reporting and tax returns: __X__
(Attach explanation, if post-petition taxes or U.S. Trustee Quarterly Fees are not paid current or if post-petition tax reporting and tax return filings are not current.)

eclare under penalty of perjury that I have reviewed the above summary and attached pages (if applicable), and after making reasonable inquiry believe
se documents are correct.

te: _____

(X) _____
Responsible Individual

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Rochester Service Corp

Case No. 07-32664

**CHAPTER 11**
**MONTHLY OPERATING REPORT**

### SUMMARY OF FINANCIAL STATUS

MONTH ENDED: September 07

Case FILING DATE: 7/23/07

Debtor in possession (or trustee) hereby submits this Summary of Financial Status. Dollars reported in ($1)

|  | End of Current Month | End of Prior Month | As of Petition Filing |
|---|---|---|---|
| **Asset Structure** |  |  |  |
| a. Current Assets (Market Value) | 2,772,100 | 2,749,350 | 4,012,300 |
| b. Total Assets (Market Value) | 2,772,100 | 2,749,350 | 3,952,062 |
| c. Current Liabilities | 2,994,040 | 2,971,667 |  |
| d. Total Liabilities | 3,994,040 | 2,971,667 |  |

|  | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| **Statement of Cash Receipts & Disbursements for Month** |  |  |  |
| a. Total Receipts | 14,624 | 40,456 | 55,080 |
| b. Total Disbursements | 19,373 | 13,551 | 36,851 |
| c. Excess (Deficiency) of Receipts Over Disbursements (a - b) | <4,749> | 26,905 | 18,229 |
| d. Cash Balance Beginning of Month | 25,553 | <1,352> | 2,576 |
| e. Cash Balance End of Month (c + d) | 20,804 | 25,553 | 20,805 |

|  | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| Profit/(Loss) from the Statement of Operations | <32,484> | <27,263> |  |
| Account Receivables (Pre and Post Petition) | 13,445 | 71,308 |  |
| Post-Petition Liabilities | 41,979 | 19,605 |  |
| Past Due Post-Petition Account Payables (over 30 days) | 16,600 | -0- |  |

|  | Yes | No |
|---|---|---|
| the end of this reporting month: |  |  |
| Have any payments been made on pre-petition debt, other than payments in the normal course to secured creditors or lessors? (if yes, attach listing including date of payment, amount of payment and name of payee) |  | X |
| Have any payments been made to professionals? (if yes, attach listing including date of payment, amount of payment and name of payee) |  | X |
| If the answer is yes to 8 or 9, were all such payments approved by the court? |  |  |
| Have any payments been made to officers, insiders, shareholders, relatives? (if yes, attach listing including date of payment, amount and reason for payment, and name of payee) |  | X |
| Is the estate insured for replacement cost of assets and for general liability? | X |  |
| Are a plan and disclosure statement on file? |  | X |
| Was there any post-petition borrowing during this reporting period? |  | X |

Check if paid: Post-petition taxes _____; U.S. Trustee Quarterly Fees _____; Check if filing is current for: Post-petition tax reporting and tax returns: _____.
(Attach explanation, if post-petition taxes or U.S. Trustee Quarterly Fees are not paid current or if post-petition tax reporting and tax return filings are not current.)

eclare under penalty of perjury that I have reviewed the above summary and attached pages (if applicable), and after making reasonable inquiry believe
se documents are correct.

te: _____

_____
Responsible Individual

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Rochester Service Corp

Case No. 07-32664 *Amended*

**CHAPTER 11**

**MONTHLY OPERATING REPORT**

## SUMMARY OF FINANCIAL STATUS

MONTH ENDED: August 07

Case FILING DATE: 7/23/07

Debtor in possession (or trustee) hereby submits this Summary of Financial Status. Dollars reported in (S1)

| | End of Current Month | End of Prior Month | As of Petition Filing |
|---|---|---|---|
| **Asset Structure** | | | |
| a. Current Assets (Market Value) | 2,749,350 | 2,763,498 | 4,012,300 |
| b. Total Assets (Market Value) | 2,749,350 | 2,763,498 | |
| c. Current Liabilities | 2,971,667 | 2,952,062 | 2,952,062 |
| d. Total Liabilities | 2,971,667 | 2,952,062 | |

| | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| **Statement of Cash Receipts & Disbursements for Month** | | | |
| a. Total Receipts | 40,456 | -0- | 40,456 |
| b. Total Disbursements | 13,551 | 3,928 | 17,479 |
| c. Excess (Deficiency) of Receipts Over Disbursements (a - b) | 26,905 | <3,928> | 22,977 |
| d. Cash Balance Beginning of Month <7/23/07> | <1,352> | 2,576 | 2,576 |
| e. Cash Balance End of Month (c + d) | 25,553 | <1,352> | 25,553 |

| | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| Profit/(Loss) from the Statement of Operations | <27,2637> | <3,928> | <31,1917> |
| Account Receivables (Pre and Post Petition) | 7,308 | 4,000 | |
| Post-Petition Liabilities | 19,605 | -0- | |
| Past Due Post-Petition Account Payables (over 30 days) | -0- | -0- | |

the end of this reporting month:

| | Yes | No |
|---|---|---|
| Have any payments been made on pre-petition debt, other than payments in the normal course to secured creditors or lessors? (if yes, attach hsung including date of payment, amount of payment and name of payee) | | X |
| Have any payments been made to professionals? (if yes, attach listing including date of payment, amount of payment and name of payee) | X | |
| If the answer is yes to 8 or 9, were all such payments approved by the court? | X | |
| Have any payments been made to officers, insiders, shareholders, relatives? (if yes, attach listing including date of payment, amount and reason for payment, and name of payee) | | X |
| Is the estate insured for replacement cost of assets and for general liability? | X | |
| Are a plan and disclosure statement on file? | | X |
| Was there any post-petition borrowing during this reporting period? | | X |

Check if paid: Post-petition taxes _____; U.S. Trustee Quarterly Fees _____; Check if filing is current for: Post-petition tax reporting and tax returns: _____.
(Attach explanation, if post-petition taxes or U.S. Trustee Quarterly Fees are not paid current or if post-petition tax reporting and tax return filings are not current.)

eclare under penalty of perjury that I have reviewed the above summary and attached pages (if applicable), and after making reasonable inquiry believe se documents are correct.

le: _____

Responsible Individual

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

*Amended filing*

In re: Rochester Service Corp

Case No. 07-32664

CHAPTER 11

MONTHLY OPERATING REPORT

### SUMMARY OF FINANCIAL STATUS

MONTH ENDED: July 2007

Case FILING DATE: 7/23/07

Debtor in possession (or trustee) hereby submits this Summary of Financial Status. Dollars reported in (S1)

| Asset Structure | End of Current Month | End of N/A Prior Month | As of Petition Filing |
|---|---|---|---|
| a. Current Assets (Market Value) | 2,063,498 | | 4,012,300 |
| b. Total Assets (Market Value) | 2,063,498 | | |
| c. Current Liabilities | 2,952,062 | | 2,952,062 |
| d. Total Liabilities | 2,952,062 | | |

| Statement of Cash Receipts & Disbursements for Month | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| a. Total Receipts | -0- | | -0- |
| b. Total Disbursements | 3,928 | | 3928 |
| c. Excess (Deficiency) of Receipts Over Disbursements (a - b) | (3,928) | | (3,928) |
| d. Cash Balance Beginning of Month (7/23/07) | 2,576 | | 2,576 |
| e. Cash Balance End of Month (c + d) | (1,352) | | (1,352) |

| | Current Month | Prior Month | Cumulative (Case to Date) |
|---|---|---|---|
| Profit/(Loss) from the Statement of Operations | (3,928) | | (3,928) |
| Account Receivables (Pre and Post Petition) | 4,000 | | |
| Post-Petition Liabilities | -0- | | |
| Past Due Post-Petition Account Payables (over 30 days) | -0- | | |

the end of this reporting month:

| | Yes | No |
|---|---|---|
| Have any payments been made on pre-petition debt, other than payments in the normal course to secured creditors or lessors? (if yes, attach listing including date of payment, amount of payment and name of payee) | | X |
| Have any payments been made to professionals? (if yes, attach listing including date of payment, amount of payment and name of payee) | | X |
| If the answer is yes to 8 or 9, were all such payments approved by the court? | | |
| Have any payments been made to officers, insiders, shareholders, relatives? (if yes, attach listing including date of payment, amount and reason for payment, and name of payee) | | X |
| Is the estate insured for replacement cost of assets and for general liability? | X | |
| Are a plan and disclosure statement on file? | | X |
| Was there any post-petition borrowing during this reporting period? | | X |

Check if paid: Post-petition taxes _____; U.S. Trustee Quarterly Fees _____; Check if filing is current for: Post-petition tax reporting and tax returns: _____
(Attach explanation, if post-petition taxes or U.S. Trustee Quarterly Fees are not paid current or if post-petition tax reporting and tax return filings are not current.)

eclare under penalty of perjury that I have reviewed the above summary and attached pages (if applicable), and after making reasonable inquiry believe se documents are correct.

le: _____

Responsible Individual

# VERIFICATION

I, Richard P. Schroeder, a Credit Officer with Minnwest Bank Central, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 4/16/08

Richard P. Schroeder

*2218.0008*



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

BKY 07-32664

Rochester Service Corporation, LLC,

Debtor.

## ORDER

This matter was considered by the Court on a motion by Minnwest Bank for an order for relief from the automatic stay.  Based on the motion, file, records, and proceedings herein,

IT IS ORDERED:

1.     The automatic stay of 11 U.S.C. § 362 is terminated as to Minnwest Bank Central with respect to it interests in the following property of the Debtor:  (a) Personal property subject to the Bank's security interest, including but not limited to accounts receivable, inventory, equipment, and general intangibles; and (b) Real property legally described as follows:

Lot 3, Block 1, Campustown Subdivision, Olmsted County, Minnesota

to permit Minnwest Bank Central to exercise and enforce its contract and state law rights and remedies regarding its interest in the subject property, including foreclosure of its mortgage on the property and enforcing its assignment of rents.

3.     Notwithstanding FED. R. BANKR. P. 4001(a)(3), this Order is effective immediately.

**BY THE COURT**

Date:_____     _____
                                     Nancy C. Dreher
                                     United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

BKY 07-32664

Rochester Service Corporation, LLC,

Debtor.

## UNSWORN DECLARATION FOR PROOF OF SERVICE

The undersigned, an employee of STEIN & MOORE, P.A., declares that on the date indicated below, she served the following:

1.  Notice of Hearing and Motion for Relief from the Automatic Stay;
2.  Memorandum of Law;
3.  Proposed Order; and
4.  Unsworn Declaration for Proof of Service

on each of the entities named below, by U.S. mail (unless otherwise indicated, such as by email notification via the CM/ECF system, hand delivery or by fax) by mailing to each of them a copy thereof by enclosing the same in an envelope with first class postage prepaid and depositing the same in the post office at St. Paul, Minnesota, addressed to each of them as follows:

Rochester Service Corp LLC
3 Blue Spruce Ct.
North Oaks, MN 55127
*Via Fax also: 651-494-0752*

Chad J. Bolinske, Esq.
*Via ECF electronic notice*
chad.bolinske@bolinskelaw.com

U.S. Trustee
*Via ECF electronic notice*
ustpregion12.mn.ecf@usdoj.gov

Michael Fadlovich
*Via ECF electronic notice*
michael.fadlovich@usdoj.gov

U.S. Attorney
300 South Fourth Street, #600
Minneapolis, MN 55415
*Via Fax: 612-664-5788*

Minnesota Department of Revenue
Collection Enforcement Unit
551 Bky Sec., P.O. Box 64447
St. Paul, MN 55164
*Via Fax: 651-282-2817*

IRS District Counsel
650 Galtier Plaza
380 Jackson Street
St. Paul, MN 55101
*Via Fax: 651-290-3582*

IRS District Director
30 East 7th Street, Suite 1222
Stop 5700
St. Paul, MN 55101
*Via Fax: 651-312-7970*

Bosteio Abdulle, et al
% Charles Brumbach, Esq.
903 W. Center St, Suite 130
Rochester, MN 55902
*Via Fax: 507-292-0080*

Renovation Systems Inc.
2735 Cheshire Lane No.
Plymouth, MN 55447

K & M Glass
308 16th Street SE
Rochester, MN 55904

Aquila (Minnesota Gasco)
P.O. Box 4649
Carol Stream, IL 60197

Rochester Public Utilities
4000 East River Road NE
Rochester, MN 55906

Summit Fire Protection
% Anthony Wacker
821 Raymond Ave, Suite 305
St. Paul, MN 55114
*Via Fax: 651-641-8689*

East Sale Services
Box 9036
Rochester, MN 55903

Minnesota Energy Reserves
Box 455
Rosemount, MN 55060

Equity One Group
P.O. Box 120665
St. Paul, MN 55112

Hyder Jaweed
3 Blue Spruce Ct.
North Oaks, MN 55127

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated:  April 16, 2008            Signed:_____/e/ Rose E. Grout_____