UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: )
) Chapter 11 Case
ROCHESTER SERVICE )
    CORPORATION, LLC ) BKY# 07-32664
Debtor. )
)
_____

NOTICE OF HEARING ON
MOTION TO DISMISS OR CONVERT
_____

TO:    The debtors, all creditors and other parties in interest:

    A motion has been filed by the United States Trustee to dismiss or convert the above-captioned case.

    On Thursday, May 22, 2008, at 2:00 p.m. before the Honorable Nancy C. Dreher, U.S. Bankruptcy Judge, in Courtroom 7 West, U.S. Bankruptcy Court, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, the Court will hold a hearing to determine whether these jointly administered cases should be dismissed or converted.

    Any response to this motion must be filed and delivered not later than May 19, 2008, which is three before the time of the hearing, (not including Saturdays, Sundays or Holidays), or filed and served by mail not later than May 14, 2008, which is seven days before the time set for the hearing. (not including Saturdays, Sundays and Holidays). See Local Bankruptcy Rule 9006-1(b).

Dated: _____

                                        CLERK OF BANKRUPTCY COURT

                          By:  _____
                              Deputy Clerk

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: )
) Chapter 11 Case
ROCHESTER SERVICE )
    CORPORATION, LLC ) BKY# 07-32664
Debtor. )
)
_____

NOTICE OF HEARING AND
MOTION TO DISMISS OR CONVERT CASE
_____

TO: The debtors and other entities specified in Local Rule 9013-3.

    1. Habbo G. Fokkena, the United States Trustee, by his undersigned attorney, moves the Court for the relief requested below and gives notice of hearing.

    2. On Thursday, May 22, 2008, at 2:00 p.m. before the Honorable Nancy C. Dreher, U.S. Bankruptcy Judge, in Courtroom 7 West, U.S. Bankruptcy Court, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, the Court will hold a hearing to determine whether these jointly administered cases should be dismissed or converted.

    3. Any response to this motion must be filed and delivered not later than May 19, 2008, which is three before the time of the hearing, (not including Saturdays, Sundays or Holidays), or filed and served by mail not later than May 14, 2008, which is seven days before the time set for the hearing. (not including Saturdays, Sundays and Holidays). See Local Bankruptcy Rule 9006-1(b). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

    4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, FED. R. BANKR. P. 5005 and Local Rule 1070-1. The United States Trustee has standing to file this motion pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 307. This matter constitutes a core

proceeding.

5. The voluntary petition commencing this chapter 11 case was filed on July 23, 2007. The case is now pending before this court.

6. This motion arises under 11 U. S. C. § 1112(b) and FED. R. BANKR. P. 1017 and 2002. This motion is filed under FED. R. BANKR. P. 9014 and Local Rules 9013-1 through 9013-3. Movant requests that these cases be dismissed or converted to cases under chapter 7.

7. Pursuant to 11 U.S.C. § 1112(b), the Court may dismiss or convert a chapter 11 case for cause after notice and a hearing. Section 1112(b) states that cause for dismissal or conversion to chapter 7 includes, among other things:

>  (1) gross mismanagement of the estate;
>  (2) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>  (3) unauthorized use of cash collateral substantially harmful to one or more creditors;
>  (4) failure to comply with an order of the court;
>  (5) unexcused failure to satisfy timely any filing or reporting requirement established by Title 11 if the U.S. Code or by any rule applicable to a case under this chapter;
>  (6) ongoing loss to or diminution of the estate and an absence of reasonable likelihood of rehabilitation; and
>  (7) failure to pay any fees required by 28 U.S.C. §1930(a)(6).

FACTS

8. On April 30, 2008, the court granted a motion by Minnwest Bank seeking an order for relief from the automatic stay. Minnwest Bank holds a blanket lien on the Debtor's sole operating asset, an apartment building known as the Fairfield Village Apartments in Rochester, Minnesota. On information and belief, now that it has stay relief, Minnwest Bank will immediately commence foreclosure proceedings to recover ownership of the apartment building. The Debtor's loss of that building leaves it with no assets to reorganize. As a result, the Debtor cannot obtain confirmation of a chapter 11 plan, and no reason to remain a debtor under chapter 11.

9. Also on April 30, 2008, the court denied approval of the Debtor's Amended Disclosure

Statement based in part on Debtor's failure to meet the court's previously established deadlines for obtaining approval of a disclosure statement. Those deadlines were established in the court's February 26, 2008, order which required that the Debtor file an amended disclosure statement no later than March 27, 2008.

MOTION

10. Cause exists to convert the case to Chapter 7 because the Debtor cannot reorganize under chapter 11 due to the loss of its apartment building to the mortgage holder, Minnwest Bank. Without possession of the building, cause exists to convert the case under 11 U.S.C. §1112(b)(4)(A), based on the absence of reasonable likelihood of rehabilitation. It would be pointless to allow the Debtor to remain in chapter 11 where it would continue to incur ongoing losses to and a diminution of the estate with no chance of reorganizing.

11. Further cause to convert the case to chapter 7 exists based on the failure by the Debtor to comply with the court's order to file an amended disclosure statement by the established date. The non-compliance with an order of the court is further cause to convert the case under 11 U.S.C. §1112(b)(4)(E).

CONCLUSION

12. If necessary, the United States Trustee intends to call as a witness the following individuals:

>   Thomas Kleiner, Bankruptcy Analyst
>   Office of the U.S. Trustee
>   1015 U.S. Courthouse
>   300 South Fourth Street,
>   Minneapolis, MN 55415

Mr. Kleiner will testify to the unreasonable delay in resolution of the case and the related prejudice to creditors. He will further testify regarding the facts set forth in this motion.

13. The Debtor is not persons described in 11 U.S.C. § 1112(c). The Debtors is qualified to be a debtor under chapter 7.

14. The United States Trustee believes that the foregoing constitutes cause for conversion or dismissal of the case.

15. The United States Trustee believes that conversion of the case to chapter 7 is in the best interest of the estate and its creditors because it will assure unsecured creditors of an equitable recovery on their claims. In addition, during the pendency of this case in chapter 11, it appears that there may have been numerous transactions with insiders, particularly Hyder Jaweed. A chapter 7 trustee is needed to independently review those transactions.

WHEREFORE, the United States Trustee moves the Court for an order converting these cases to chapter 7 and for such other relief as may be just and equitable. The United States Trustee submits that the cases should be converted to chapter 7 immediately.

Dated: May 1, 2008

                                              HABBO G. FOKKENA
                                              United States Trustee
                                              Region 12

                       By:       s/ Michael R. Fadlovich
                                              MICHAEL R. FADLOVICH
                                              Attorney/Advisor
                                              MN Attorney I.D. No. 158410
                                              United States Trustee's Office
                                              1015 U.S. Courthouse
                                              300 South Fourth Street
                                              Minneapolis, MN 55415
                                              (612) 664-5500

## VERIFICATION

      I, Michael R. Fadlovich, attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.


Executed on: May 1, 2008        Signed:  s/Michael R. Fadlovich      
                                              MICHAEL R. FADLOVICH
                                              Trial Attorney

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: )
) Chapter 11 Case
ROCHESTER SERVICE )
CORPORATION, LLC ) BKY# 07-32664
Debtor. )
)
_____

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CONVERT OR DISMISS
_____

The United States Trustee, by the undersigned attorney, submits this memorandum in support of the motion to dismiss this case or convert it to a Chapter 7 case.

A proceeding to dismiss a case or convert a case to another chapter is governed by 11 U.S.C. § 1112 and FED R. BANKR. P. 9014. A request for dismissal or conversion of a case shall be made by motion. A motion to dismiss or a motion to convert a case shall be deemed a motion either to dismiss or to convert, whichever is in the best interest of creditors and the estate. Local. R. Bankr. P. 1017-2. A case may be converted to a Chapter 7 case if the debtor may be a debtor under Chapter 7. 11 U.S.C. § 1112(f).

Under 11 U.S.C. §1112(b), the specific requirements for the conversion or dismissal of a chapter 11 case are set forth. That section provides that cause includes the following:

(4) for purposes of this subsection, the term "cause" includes
    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
    (B) gross mismanagement of the estate;
    (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
    (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
    (E) failure to comply with an order of the court;
    (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
    (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 under the Federal Rules of Bankruptcy Procedure

without good cause shown by the debtor;
			(H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee . . . .
			(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
			(J) failure to file a disclosure statement or to file or confirm a plan within the time fixed by this title or by order of the court,
			(K) failure to pay any fees or charges required under chapter 123 of title 28;
			(L) revocation of an order of confirmation under section 1144 ;
			(M) inability to effectuate substantial consummation of a confirmed plan;
			(N) material default by the debtor with respect to a confirmed plan;
			(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
			(P) failure of the debtor to pay any domestic support obligations that first becomes payable after the date of the filing of the petition.

11 U.S.C. §1112(b).

Cause for conversion or dismissal is not limited to the reasons expressed in §§ 1112(b), (e). 11 U.S.C. 102(3); Moody v. Security Pac. Business Credit, Inc., 85 B.R. 319, 352-53 (W.D. Pa. 1988). In this case, cause is based on the facts testified to by Debtor's president at the §341 meeting, as set forth in the U.S. Trustee's motion.

"The purpose of §1112(b)(1) is to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." Loop v. U.S. Trustee, 379 F.3d 511, 515 (8th Cir 2004), citing In re Lizeric Realty Corp, 188 B.R. 499, 503 (Bankr. S.D. N.Y 1995). The parties to a case are entitled to rely on facts established in the record in making a case for conversion or dismissal under §1112(b). Loop, at 518.

In the present case, the debtor lost its only asset to the lien holder. Without that asset (apartment building), the Debtor is unable to successfully reorganize under chapter 11. As a result, no further purpose would be served by the debtors remaining under the protection of the court in chapter 11 cases. Consequently, cause exists to immediately convert the cases to chapter 7 or do dismiss the cases.

                                                Respectfully submitted,  
                                                HABBO G. FOKKENA  
                                                United States Trustee

Dated   May 1, 2008                            By    s/Michael R. Fadlovich  
                                                MICHAEL R. FADLOVICH  
                                                Trial Attorney  
                                                MN Attorney I.D. No. 158410  
                                                U.S. Trustee's Office  
                                                1015 U.S. Courthouse  
                                                 300 South Fourth Street  
                                                Minneapolis, MN  55415  
                                                (612) 664-5500

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: )
 ) Chapter 11 Case
ROCHESTER SERVICE )
    CORPORATION, LLC ) BKY# 07-32664
        Debtor. )
 )
_____

O R D E R
_____

At Minneapolis, Minnesota, this ____ day of_____, 2008.

The above-entitled chapter 11 cases came before the court on the Motion of the United States Trustee seeking an order dismissing or converting them to cases under chapter 7. Michael R. Fadlovich appeared on behalf of the U.S. Trustee. Other appearances were as noted in the record.

Based upon the motion filed by the U.S. Trustee, and all of the files, records and proceedings herein, it is hereby ORDERED:

1. That the chapter 11 case of <u>Rochester Service Corporation, LLC</u>, is hereby converted to a case under chapter 7.

                                                                                                  _____
                                                                                                  HONORABLE NANCY C. DREHER
                                                                                                  United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

In re:                                    )
                                          )   Chapter 11 Case
    ROCHESTER SERVICE               )
        CORPORATION, LLC           )   BKY# 07-32664
            Debtor.                )
                                          )

      The undersigned hereby certifies under penalty of perjury that he is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers. That on May 1, 2008, he caused to be served a copy of the attached: United States Trustee's Motion to Convert Case to Chapter 7 or to Dismiss case, with supporting Memorandum, Proposed Order, and Certificate of Service, by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Minneapolis, Minnesota. Where facsimile addresses are listed, service by facsimile was also made on this same day.

Addressee(s):

**Chad J Bolinske**
Bolinske & Bolinske PLLC
1660 South Hwy 100
STE 508
St Louis Park, MN 55416

**Rochester Service Corp, LLC.**
3 BLUE SPRUCE COURT
Saint Paul, MN 55127

Eric J. Sherburne, Esq.
Stein & Moore
332 Minnesota Street
Suite W-1650
St. Paul, MN 55101

Internal Revenue Service
PO Box 21126
Philadelphia PA 19114

MN Dept of Revenue
Stop 5700
316 N Robert St
Saint Paul MN 55101

                                        **By:**   <u>**e**/Michael R. Fadlovich</u>
                                                         Michael R. Fadlovich
                                                         Trial Attorney
                                                         MN Atty I.D. No. 158410
                                                         U.S. Trustee's Office
                                                         300 South Fourth St., #1015
                                                         Minneapolis, MN  55415
                                                         (612) 664-5500