UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

In Re:   Bky. Case No. 07-32664

Rochester Service Corporation, Inc.   **NOTICE OF EXPEDITED HEARING AND MOTION FOR APPROVAL OF STIPULATION FOR APPOINTMENT OF STATE COURT RECEIVER**

---

1. Mary Jo A. Jensen-Carter, Chapter 7 Trustee of Rochester Service Corporation, Inc., by and through her undersigned counsel, moves the Court for the relief requested below and gives notice of hearing herewith.

2. The Court will hold a hearing on the this motion on **May 29, 2008 at 2:00 o'clock p.m.**, or as soon thereafter as counsel may be heard, in Courtroom No. 7W, 7th Floor, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, before the Honorable Chief Judge Nancy C. Dreher.

3. In light of the expedited nature of the hearing, movant will not object to any response to this motion that is filed and delivered not later than 10:00 a.m. on May 29, 2008. **IF NO TIMELY OBJECTIONS ARE FILED, THE COURT MAY GRANT THE RELIEF REQUESTED WITHOUT A HEARING.**

4. This Court has jurisdiction over this Motion, and this Motion is authorized under 28 U.S.C. Sections 157 and 1334, Bankruptcy Rule 5005, and Local Bankruptcy Rule 5005-1. This is a core proceeding pursuant to 28. U.S.C. § 157(b)(2). This motion is filed under Bankruptcy Rules 9006, 9013 and 9014 and Local Rules 9006-1 and 9013-1 through 9013-3. The proceeding arises under 11 U.S.C. §§ 105 and movant requests authority to enter into a Stipulation for appointment of a state court receiver to manage the debtor's rental property in Rochester, Minneota.

5. The Petition commencing this Chapter 11 proceeding was filed on July 23, 2007. The case was converted to a Chapter 7 proceeding on May 23, 2008. Mary Jo Jensen-Carter was appointed the Chapter 7 trustee on the same date.

6. As of the date of the Chapter 7 filing, the debtor was the owner of a residential apartment complex in Rochester, Minnesota. Minnwest Bank Central holds a duly perfected mortgage on the property. Minnwest was granted relief from the stay to foreclose its mortgage on the property pursuant to an Order of this court dated April 30, 2008.

7. According to the records filed in the bankruptcy proceedings, the fair market value of the

real estate could be as much as $3,700,000 or as low as $2,240,000.00. The balance owed to Minnwest Bank is approximately $2,891,000. In addition, on information and belief, the property is subject to unpaid real estate taxes and at least one judgment lien.

8. Trustee needs additional time to evaluate the true market value of the property. In the meantime, it is imperative that the apartment complex be professionally managed so that the rents are collected in the ordinary course and the tenants have access to an onsite manager to deal with various issues.

9. Trustee has no funds in the estate with which to hire a professional management company and cannot realistically manage it personally.

10. Minnwest Bank has commenced an action in Olmsted County District Court to appoint a receiver to manage the property as a part of its foreclosure proceeding.

11. Trustee believes that the appointment of a receiver through the Olmstead County proceeding is in the best interest of the estate in that the receivership will provide for professional management of the property at no cost to the estate, and will allow the trustee to maintain the property in a reasonable manner while a determination is made as to the whether or not the property can be sold for more than the existing encumbrances.

12. Trustee now seeks court approval of the entry into a stipulation for appointment of a receiver in substantially the form of the Stipulation for Appointment of a Receiver attached hereto as Exhibit A.

13. Trustee also requests that the Court approve the Stipulation on an expedited basis. an exigency exists in that the property is currently without proper management. Rent payments will be due on June 1, 2008, and trustee would like to have a professional manager in place in time to collect the June rent so as to maximize the value of the property. In addition, the property is currently occupied by approximately thirty tenants and trustee needs to have a manager in place to deal with any issues that occur, such as repairs, etc. Therefore, Trustee believes that it is imperative that the appointment of a receiver be approved as soon as possible. Under the circumstances, Trustee believes that approval of the Stipulation on an expedited basis is warranted.

14. If the Court deems if necessary to take oral testimony at the hearing on this Motion, movant will call Mary Jo A. Jensen-Carter, the Chapter 7 trustee, as a witness.

WHEREFORE, Trustee prays for an order of the Court approving the stipulation for

appointment of a receiver pursuant to the terms set forth herein, and granting such other and further relief as the Court deems just and equitable.

Dated: May 27, 2008.

>BUCKLEY & JENSEN
>
>/e/ Mary Jo A. Jensen-Carter
>Mary Jo A. Jensen-Carter
>MN Lic. No. 186041
>Attorneys for Trustee
>1257 Gun Club Road
>White Bear Lake, MN 55110
>(651) 486-7475

## V E R I F I C A T I O N

I, Mary Jo A. Jensen-Carter, Chapter 7 Trustee of Rochester Service Corporation, Inc., certify under penalty of perjury that I have read the foregoing Notice of Expedited Hearing and Motion for Approval of Stipulation for Appointment of Receiver, and the information contained therein is true and correct to the best of my knowledge, information and belief.

Dated: May 27, 2008.
/e/ Mary Jo A. Jensen-Carter
Mary Jo A. Jensen-Carter

STATE OF MINNESOTA　　　　　　　　　　DISTRICT COURT

COUNTY OF OLMSTED　　　　　　　　　　THIRD JUDICIAL DISTRICT

(Contract/Receivership)

Minnwest Bank,

　　　　　　　　　　　　　　　　　　　　Court File No. CV-07-6254
　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　**STIPULATION FOR THE**
　　　　　　　　　　　　　　　　　　　　**APPOINTMENT OF A RECEIVER**

Rochester Service Corp., LLC and
J. Doe I-V,

　　　　　　　Defendants.

---

　　　　Plaintiff and Defendant Rochester Service Corp., LLC hereby stipulate and agree as follows:

　　1.　　That the Court has jurisdiction of the parties and subject matter of this action.

　　2.　　That Defendant filed a petition pursuant to Chapter 11 of U.S. Bankruptcy Code on July 23, 2007, which has been converted to a Chapter 7 case pursuant to a court order of May 22, 2008. Mary Jo Jensen-Carter is the duly appointed Trustee in Bankruptcy for the Defendant. A true copy of the bankruptcy notice evidencing the above matters is attached hereto Exhibit A.

　　3.　　Plaintiff has obtained relief from the automatic stay of the Bankruptcy Code to enforce its mortgage and its assignment of leases and rents relating to the property which is the subject matter of this action, and Defendant agrees that the appointment of a Receiver for the subject property is in the best interest of the bankruptcy estate.

　　4.　　That Spectrum Property Management Company, Inc. may be appointed as the Receiver for the subject property in accordance with the Order Appointing Receiver attached hereto as Exhibit B. Defendant agrees that the current rental value of the subject property is $16,000. per month.

5. Defendant acknowledges that it has not served or filed any responsive pleading in this matter.

**It is so stipulated** as of May ____, 2008:

STEIN & MOORE, P.A.

By: _____
    Ralph L. Moore, I.D. #74780
    Attorneys for Plaintiff
    332 Minnesota St., Suite W-1650
    St. Paul, MN 55101
    (651) 224-9683
    (651) 223-5212

_____
Mary Jo Jensen-Carter
Bankruptcy Trustee for Defendant
  Rochester Service Corp., LLC
1339 East County Road D
Vadnais Heights, MN 55109
(651) 486-7475

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: )
) Chapter 11 Case
ROCHESTER SERVICE )
CORPORATION, LLC ) BKY# 07-32664
Debtor. )
)

## ORDER

At Minneapolis, Minnesota, this 22nd day of May, 2008.

The above-entitled chapter 11 cases came before the court on the Motion of the United States Trustee seeking an order dismissing or converting them to cases under chapter 7. Michael R. Fadlovich appeared on behalf of the U.S. Trustee. Other appearances were as noted in the record.

Based upon the motion filed by the U.S. Trustee, and all of the files, records and proceedings herein, it is hereby ORDERED:

1. That the chapter 11 case of <u>Rochester Service Corporation, LLC</u>, is hereby converted to a case under chapter 7.

/e/ Nancy C. Dreher
HONORABLE NANCY C. DREHER
Chief United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *05/23/2008*
Lori Vosejpka, Clerk, By KK, Deputy Clerk

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF UNITED STATES TRUSTEE
REGION 12

IN RE:

ROCHESTER SERVICE CORPORATION, LLC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
CASE NO. 07-32664
Chapter 7

APPOINTMENT OF TRUSTEE AND APPROVAL OF BOND

The following person is hereby appointed trustee in the above referenced case and said trustee's bond is fixed under the blanket bond heretofore approved.

        Mary Jo Jensen-Carter
        1257 Gun Club Road
        White Bear Lake, MN 55110

If the trustee rejects this appointment, the trustee must notify the United States Bankruptcy Court and the United States Trustee within five (5) days of receipt hereof. Otherwise, the trustee will be deemed to have accepted the appointment as of the date hereof.

        Habbo G. Fokkena
        U.S. Trustee, Region 12

        /e/ Robert B. Raschke

       by: Robert B. Raschke
           Asst. U.S. Trustee

Dated: May 23, 2008

---

REJECTION

I, Mary Jo Jensen-Carter, hereby reject appointment as interim trustee in the above referenced case and certify that I filed the original hereof with the United States Bankruptcy Court and a copy hereof with the United States Trustee.

        _____
        Mary Jo Jensen-Carter

Dated:_____

Case Number 07-32664 - NCD

# UNITED STATES BANKRUPTCY COURT
## District of Minnesota

# Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A bankruptcy case concerning the debtor(s) Corporation listed below was originally filed under chapter 11 on 7/23/07 and was converted to a case under chapter 7 on 5/22/08.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Rochester Service Corp, LLC.
3 BLUE SPRUCE COURT
Saint Paul, MN 55127

| Case Number:<br>07-32664 - NCD | Taxpayer ID/Employer ID/Other Nos.:<br>51-0540835 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>Chad J Bolinske<br>Bolinske & Bolinske PLLC<br>1660 South Hwy 100<br>STE 508<br>St Louis Park, MN 55416<br>Telephone number: 952-294-0144 | Bankruptcy Trustee (name and address):<br>Mary Jo A Jensen-Carter<br>Buckley & Jensen<br>1257 Gun Club Road<br>White Bear Lake, MN 55110<br>Telephone number: 651-486-7475 |

## Meeting of Creditors

Date: **June 20, 2008**          Time: **12:00 PM**
Location: **180 East Fifth Street, Suite 680, St Paul, MN 55101**

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.
If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available for a fee through Pacer (http://pacer.psc.uscourts.gov) or at the Clerk's Office, 301 United States Courthouse, 300 South 4th Street, Minneapolis, MN 55415. You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Creditor with a Foreign Address

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office:<br>301 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415<br>Telephone number: (612) 664-5200 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Lori Vosejpka |
|---|---|
| Hours Open: Monday - Friday 8:00 AM - 5:00 PM | Date: 5/23/08 |

**FORM B9B** (Chapter 7 Corporation/Partnership No Asset Case) (10/05)

STATE OF MINNESOTA                        DISTRICT COURT

COUNTY OF OLMSTED                    THIRD JUDICIAL DISTRICT

(Contract/Receivership)

Minnwest Bank,

                         Plaintiff,

Court File No. CV-07-6254

v.

**ORDER APPOINTING RECEIVER**

Rochester Service Corp., LLC and
J. Doe I-V,

                       Defendants.

---

This matter came before the Court pursuant to a Stipulation between Plaintiff and Defendant. Based on the files, records and proceedings herein, the Court finds that the Plaintiff is entitled to the appointment of a Receiver for the mortgaged property pursuant to Minn. Stat. §§ 559.17 and 576.01.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Spectrum Property Management Company, Inc., 7800 Metro Parkway, Suite 112, Bloomington, MN 55425, is hereby appointed Receiver of the mortgaged property (the Property) located at 875 – 21st Avenue S.E., Rochester, MN, being in Olmsted County and legally described as follows:

    Lot 3, Block 1, Campustown Subdivision, Olmsted County, Minnesota.

2. The Plaintiff or Spectrum Property Management Company, Inc. shall forthwith post a Receiver's bond in the amount of $24,000.

3. To the extent of available rents and other income from the Property, the Receiver shall manage the Property so as to prevent waste, provide for normal maintenance and generally perform the duties customarily performed by property managers in the Twin Cities area including, but not limited to, entering into and terminating leases. The Receiver shall collect the rents, profits and other payments from

tenants, occupants, users and others and all other income of any kind from the Property, and shall apply the same as follows:

    a. In payment of the fees of the Receiver, which shall be as agreed between Plaintiff and the Receiver, but which shall be approved as soon as practicable by the Court;

    b. In payment of tenant security deposits to the extent that the Receiver is holding the same;

    c. To the payment of prior or current real estate taxes or special assessments upon the property;

    d. To the payment of premiums for insurance of the type required by the Plaintiff's mortgage;

    e. To the payment of all expenses for (1) normal maintenance of the property, (2) the keeping of the covenants required of a lessor or licensor under law and (3) otherwise managing the Property and performing the duties of the receivership as the Receiver in its reasonable discretion deems appropriate; and

    f. As is otherwise required by Minn. Stat. §576.01.

4. To the extent that the Plaintiff or any other party or person holding an assignment of rents, at its option advances any funds upon the request of the Receiver, such sums advanced are deemed to be secured in the same priority with the indebtedness secured by the mortgage belonging to such party making the advancements and shall be for all purposes deemed to be part of the amount due pursuant to the mortgage. If such advances are made after a foreclosure sale, they shall with interest be part of the sum required to be paid to redeem from the sale.

5. Rochester Service Corp., LLC and any of its representatives or agents with respect to the Property shall cooperate with the Receiver by handing over and making available to the Receiver all keys, property, records and accounts in their possession relating to or used in the operation and management of the Property, including without limitation occupancy records, lease files, tenant files, Property

maintenance files, financial books and records, tenant security deposits, advance rental payments, bank accounts and all records relating to bank accounts; and shall immediately endorse and deliver to the Receiver all checks and other payments now or hereafter in its possession representing payment of rents and other income from the Property, and shall turn over to the Receiver the balances in any checking, savings or other bank account maintained for the purpose of holding deposits of rent and other income received from the operation of the Property; and shall do no thing whatsoever to interfere with the duties of the Receiver.

6. The Receiver shall maintain appropriate records relating to its management of the Property. The Receiver shall prepare monthly financial statements regarding the Property showing the income and expenses relating to the receivership, copies of which shall be provided to Plaintiff's attorney and Trustee in Bankruptcy for Defendant Rochester Service Corp., LLC.

7. The Receiver shall serve until discharged pursuant to the provisions of Chapters 559 and 576.

Date:_____          _____
                                   JUDGE OF DISTRICT COURT

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

In Re:

                           Chapter 7
                           Bankruptcy No. 07-32664

Rochester Service Corporation, Inc.,

Debtor(s).           **MEMORANDUM OF LAW IN SUPPORT OF EXPEDITED MOTION TO APPROVE STIPULATION TO APPOINT STATE COURT RECEIVER**

---

## FACTS

The Debtor operated a residential apartment complex in Rochester, Minnesota. If filed its petition for relief under Chapter 11 of the U.S. Bankruptcy Code on July 23, 2007. The apartment complex is the only significan asset owned by the debtor. Minnwest Bank Central holds a duly perfected lien on the apartment complex.

On April 30, 2008, Minnwest was granted relief from stay to commence a foreclosure action against the real property. On May 23, 2008, the court converted the Chapter 11 to a Chapter 7 case and Mary Jo A. Jensen-Carter was appointed Chapter 7 trustee on the same date.

The apartment complex consists of approximately 60 units. On information and belief, at the present time, approximately 30 of the units are occupied. During the Chapter 11 proceeding, the property was, for a time, professionally managed. However, in February, 2008, the professional manager was discharged and the property currently has no professional manager.

Subsequent to entry of the order for relief from stay on April 30, 2008, Minnwest Bank commenced a foreclosure action in Olmsted County District Court. As a part of that action, Minnwest Bank seeks the appointment of a receiver to manage the property during the foreclosure proceeding. Minnwest Bank has asked the Chapter 7 trustee to enter into a Stipulation for the appointment of a receiver in the state court litigation. Trustee believes that the appointment of a receiver is in the best interest of the estate because it will provide professional management of the apartment complex, including collection of rent and handling of tenant needs.

## ARGUMENT

Local Bankruptcy Rule 9006-1(a) provides that creditors and interested parties shall be given ten days notice of a motion, unless the court for cause shown shortens the time. Trustee believes that there are exigent circumstances, which constitute cause to shorten the normal motion period. The apartment complex currently has thirty occupied apartments, all of which have tenants who may have issues related to the property. In addition, rent is due as of June 1, 2008. Without professional onsite management, there is no one available to deal with tenant

issues and collect rent. As a result, it is imperative that management of the complex be obtained immediately. The Chapter 7 estate has no funds with which to obtain professional management of the complex. However, Minnwest has agreed to provide such management through the appointment of a receiver in its foreclosure proceeding. By consenting to the appointment of the receivership on an expedited basis, the Trustee will be able to address the professional management issue in a timely manner. Under the circumstances, Trustee believes that approval of the entry into the stipulation on an expedited basis is warranted.

11 U.S.C. § 105 authorizes the court to issue any order that is "necessary or appropriate to carry out the provisions of this Title." As a result, the court has the inherent power to authorize the trustee to enter into the stipulation for appointment of a receiver as long as the appointment of a receiver is necessary and appropriate in the administration of the estate. As noted above, it is impossible for the trustee to actively manage the apartment complex without professional assistance. The principals of the debtor are not in a position to manage the property and the trustee cannot be onsite to do so. The estate has no funds with which to pay a professional management company, whereas Minnwest Bank has such capability through its foreclosure proceeding. The estate's interest in the property, to the extent that any equity exists, will be preserved through the state court receivership, thereby benefiting the estate. The appointment of the receiver will allow the property to be maintained and rents collected, which will only serve to enhance the value of the property, while giving the trustee the opportunity to fully investigate its value to the estate. As a result, Trustee believes that the approval of the stipulation for appointment of a receiver on an expedited basis is in the best interest of the estate

## CONCLUSION

The debtor's apartment complex is in need of immediate onsite professional management and the trustee has no access to monies to fund such management. Minnwest Bank has agreed to provide such management through its state court receivership and has asked the trustee to consent to the appointment of a receiver. The appointment of the state court receiver will preserve the value of the property by collecting rents and dealing with tenant issues, which will allow the property to be maintained while the trustee determines if it has any value to the estate. The court has inherent power under 11 U.S.C. §105 to enter an order authorizing the trustee to stipulate to the appointment of a receiver as necessary and appropriate method of administering the case. An exigency exists in that there are currently approximately thirty units rented in the complex and rent will need to be collected as of June 1, 2008. In addition, tenant services must be provided as soon as possible to avoid other problems with the property. Therefore, Trustee

believes that the court's approval of the appointment of a receiver in the state court action on an expedited basis is in the best interest of the estate.

                                        Respectfully submitted,

Dated: May 27, 2008.                               BUCKLEY & JENSEN

                                        By /e/ Mary Jo A. Jensen-Carter  
                                        Mary Jo A. Jensen-Carter, #186041  
                                        1257 Gun Club Road  
                                        White Bear Lake, MN 55110  
                                        Phone: (651) 486-7475  
                                        Fax:(651)486-7468

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Chapter |
| Rochester Service Corporation Inc., | Case No. 07-32664 |
| Debtor. | |

## UNSWORN CERTIFICATE OF SERVICE BY EMAIL

I, Mary Jo A. Jensen-Carter, declare under penalty of perjury that on May 27, 2008, I filed the attached ***Notice of Hearing and Motion for Approval of Stipulation for Appointment of State Court Receiver*** with the Bankruptcy Court and the following parties were served by email by the Court:

Michael Fadlovich**:**  Michael.fadlovich@usdoj.gov
 ustpregion12.mn.ecf@usdoj.gov
Eric Sherburne: esherburne@steinmoore.com
Chad Bolinski: chad.bolinske@bolinskelaw.com

I further certify that I caused a copy of the ***Notice of Hearing and Motion for Approval of Appointment of State Court Receiver*** to be served by facsimile upon the following parties at the fax numbers indicated:

| | |
|---|---|
| Bosteio Abdulle, et al | Summit Fire Protection |
| c/o Charles Brumbach, Esq. | c/o Anthony Wacker |
| 903 W. Center Street, Suite 130 | 821 Raymond Ave, Suite 305 |
| Rochester, MN 55902 | St. Paul, MN 55114 |
| 507-292-0060 | 651-641-8689 |

Executed on: May 27, 2008.        Signed: /e/Mary Jo A. Jensen-Carter
                                  **Mary Jo A. Jensen-Carter**
                                  Buckley & Jensen
                                  1257 Gun Club Road
                                  White Bear Lake, MN 55110

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

_____

In Re:                                      Bky. Case No.07-32664

Rochester Services Corporation, Inc.        **ORDER APPROVING STIPULATION
                                            FOR APPOINTMENT OF RECEIVER
                                            ON AN EXPEDITED BASIS**

_____

       An expedited hearing on the Chapter 7 Trustee's Motion for approval of a Stipulation for Appointment of a state court receiver was held before the undersigned Judge of Bankruptcy Court on May 29, 2008. Appearances, if any, are noted in the Court's record. Based upon the arguments of counsel and all of the files and records in the proceeding herein, and it appearing that no further notice is necessary, the Court makes the following:

## FINDINGS OF FACT

1. That the Trustee's motion for approval of a Stipulation for Appointment of a state court receiver and the matters involved therein are "core" matters over which this Court has jurisdiction pursuant to 28 U.S.C. Sections 1334 and 157; and

2. That due and proper notice of the debtor's motion was given to necessary parties in interest; and

3. That cause exists to grant the Trustee's motion for approval of a Stipulation to appoint a state court receiver on an expedited basis, and the notice given by the Trustee herein is deemed sufficient;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That cause exists to grant the debtor's motion for approval of a stipulation for approval of the appointment of a state court receiver on an expedited basis, and the notice given by the Trustee herein is deemed sufficient for approval of the stipulation; and

2. That the Trustee is hereby authorized to enter into a Stipulation for Appointment of a state court receiver under the terms and conditions set forth in the Trustee's motion papers; and

3. This Order shall be effective and enforceable immediately upon entry.

Dated: May __, 2008 .        _____
                              Nancy C. Dreher
                              Chief United States Bankruptcy Judge